THE BOARD OF DIRECTORS OF SHIBUI, Plaintiff

v.

THOMAS R. McGUIRE, GERALDINE CARR and BANK OF
AMERICA, Defendants

## Civil No. 302/1978
## Territorial Court of the Virgin Islands
### Div. of St. Thomas and St. John
## May 30, 1979

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for plaintiff*

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for defendant Carr*

FREDERICK D. ROSENBERG, ESQ., St. Thomas, V.I., *for defendant Bank of America*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION

The plaintiff, the Board of Directors of Shibui (hereinafter Shibui), a condominium association, seeks a judgment in the amount of $2,023.26 for common charges assessed against the defendants Thomas R. McGuire and Geraldine Carr,[1] and has asked this court to dismiss defendant Carr's counterclaim for failing to state a claim.[2] Plaintiff asserts that even if all of the factual allegations of Ms. Carr's counterclaim are true she still is not entitled to any relief.

The court understands Shibui to be advancing three related arguments in support of its motion. First, Shibui contends that as an unincorporated association it lacks a separate existence from its members, and that if it is guilty of any negligence or fault this is imputable to each of its members. To allow defendant to maintain her counterclaim, Shibui contends, would have the effect of giving her a cause of action against herself. Second, plaintiff argues that defendant's counterclaim "really ha[s] to do with the internal affairs of a voluntary association", and that the court should not prematurely involve itself in such dis-

---

[1] Mr. McGuire was served by publication and is in default. All further reference to the "defendant" shall be to Ms. Carr.

[2] This matter was pretried on January 12, 1979, at which time Shibui contended that it was not liable to defendant Carr on her counterclaim. The court gave the plaintiff until February 26, 1979, to submit a memorandum of law in support of its theory of the case and allowed defendant an additional three weeks to respond. Papers styled "Plaintiff's Brief" have been submitted by Shibui, and defendant Carr has duly responded. The plaintiff's brief is unaccompanied by a formal motion, but the court construes plaintiff's papers as a motion for summary judgment in view of the fact that the plaintiff relies on materials outside the pleadings. Rules 12 and 56, F. R. Civ. P., 5 V.I.C. App. I, Rs. 12 and 56; 5 V.I.C. App. IV, R. 7. Defendant in her responsive memorandum of law did not object to the absence of formal moving papers, but responded to the plaintiff's brief on the merits.

putes. Third, plaintiff asserts that the board of directors of Shibui is not a suable entity under either the Virgin Islands Condominium Act, 28 V.I.C. § 901 et seq. (hereinafter the Condominium Act), or the declaration and by-laws of Shibui and that if defendant wishes to assert a claim for wilful misconduct or bad faith against any or all of the directors individually she should do so in a separate action.[3]

The court rejects each of plaintiff's arguments. While facially appealing, these arguments are inconsistent and contrary to the express language of the Condominium Act.

I

■ With respect to plaintiff's first argument, the court rejects the notion that the association lacks an existence separate from its individual members. In an excellent opinion, the California Court of Appeals thoroughly reviewed this area of the law and reached a similar conclusion. White v. Cox, 17 Cal. App.3d 821, 95 Cal. Rptr. 259 (1971).[4] The defendant in White had argued that traditionally an unincorporated association has been immune from liability in tort to its members because each member has been deemed to be both principal and agent for every other member. This has had the effect of imputing the association's negligence to each of its members. However, when this concept is applied to large organizations, which act through elected officers and in which individual members have little say in the day-to-day affairs of the association, the court said that reality is "apt to be sacrificed to theoretical formalism." 95 Cal. Rptr. at 260, quoting

---

[3] Plaintiff concedes that such an action would lie under Shibui's bylaws. Plaintiff's brief at 6.

[4] According to the Annotation, Liability of Condominium Association or Corporation for Injury Allegedly Caused by Condition of Premises, 45 A.L.R.3d 1171, 1174 (1972), this is the only reported case dealing with the subject of a condominium association's liability in tort to one of its members.

Marshall v. International Longshoremen's and Warehousemen's Union, 57 Cal.2d 781, 22 Cal. Rptr. 211, 371 P.2d 987 (1962). Moreover, the court found that since 1962 California law had moved toward fully recognizing an unincorporated association as a separate legal entity. In determining whether a condominium association is liable in in tort to one of its members the court posited a two-tiered test:

    A.  Does the condominium association possess a separate existence from its members?

    B.  Do the members retain direct control over the operations of the association?

The court adopts this test.

## A.

Clearly, both by statute and by its declaration and bylaws, the Shibui condominium association possesses a separate existence from its members. Pursuant to 28 V.I.C. § 901(d) all of the apartment or unit owners acting as a group constitute the association of apartment or unit owners, and this association is a "person" within the meaning of the Condominium Act. 28 V.I.C. § 901(m). A condominium association may be established only after the sole owner or all owners (or lessees) expressly declare, through the execution and recordation of a master deed (or lease), together with a declaration in accordance with 28 V.I.C. § 910, his or their desire "to submit the property to the regime established" by the Condominium Act. 28 V.I.C. § 902. Moreover, the declaration must contain the name and address of a person to receive service of process for the condominium association, 28 V.I.C. § 910(8), and must have annexed to it a copy of the bylaws, which shall govern the administration of the condominium association. 28 V.I.C. § 917.

By its bylaws Shibui has constituted the board of direc-

tors as the condominium association's agent and has charged the board with the responsibility of conducting the association's affairs.[5] This delegation of authority is proper and appropriate. See 28 V.I.C. § 918. In addition, the board may bring an action for damages or injunctive relief against any of the unit owners to enforce the condominium's bylaws and rules. 28 V.I.C. § 906.

■ It thus is clear that the Association of Apartment Owners of Shibui is a distinct and separate entity from that of its members. Through its agent, the board of directors, the association is required to perform certain functions and engage in certain activities to further its own independent interests. Although the interests of all the apartment owners theoretically are advanced, there are times when actions must be taken that are contrary to or even adverse to the interests of an individual apartment or unit owner. This suit, as provided for under 28 V.I.C. § 922, is a case in point.

### B.

■ It also is clear that neither the defendant nor any other unit owner exercises direct control over the operation of the association. To the contrary, the association acts through its board. As owner of Apartment 26, Ms. Carr has a 1.752 percent undivided interest in the condominium, which percentage determines her voting rights.[6] Clearly, in

---

[5] Shibui's bylaws, Art. II, § 1, appended to Defendant's Exhibit A. This includes maintaining the common areas; determining common expenses and collecting them from unit owners; employing and dismissing personnel; adopting and amending rules pertaining to the property; opening of condominium bank accounts; purchasing, on behalf of all unit owners, units offered for sale, or being foreclosed; organizing corporations to act as designees of the board in acquiring title to or leasing units; obtaining insurance and repairing the property after damage by fire. Id. Art. II, § 2. In addition, by statute, the board may have access, at reasonable times, to all apartments for the purpose of making needed repairs to the common areas or facilities, 28 V.I.C. § 905(f), must keep books and records, 28 V.I.C. § 919, and may bring suit to foreclose any unit for unpaid common expenses, 28 V.I.C. § 922(a).

[6] See "Exhibit C" of the Declaration, appended to Defendant's Exhibit A herein.

the absence of evidence to the contrary, and none has been produced in support of plaintiff's motion, this court cannot conclude that defendant in any way exercises or retains direct control over the board.

■ Thus, since the association possesses separate existence from each of its members and the defendant does not retain direct control over its operations, under the well-reasoned authority of White, the defendant may assert a claim for relief against the association.[7]

## II

■ Plaintiff's second argument is that the court should not interfere with the internal affairs of the association. This argument might have merit if this suit had been initiated by Ms. Carr. Ms. Carr, however, is not the plaintiff. She is the defendant in a suit brought by Shibui, and her counterclaim arguably is compulsory within the meaning of Rule 13 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 13, insofar as it relates to the same property and the same "transaction" stated in the plaintiff's complaint. Absent evidence to the contrary, there also is nothing that would indicate that the parties could internally resolve the defendant's counterclaim. If they could not, and the court were to dismiss this counterclaim, Ms. Carr could be back in court as a plaintiff, possibly before a different judge. Judicial economy counsels that the claim and counterclaim be heard together, in the same action and before the same judge. Moreover, plaintiff has not cited any authority that would require the defendant to settle her claim internally

---

[7] Although White dealt only with tort actions by unit owners against a condominium association, no good reason appears or has been presented as to why the rule should not be extended to contract actions. If there is sufficient separateness of identity between the association and a unit owner for the two of them to contract and for the association subsequently to bring an action against the owner for a breach of that contract, surely the owner should be permitted to counterclaim against the association for other alleged breaches. See e.g. Defendant's Exhibit A, Bylaws, Art. I, § 3; Art. V, §§ 6, 7; 28 V.I.C. § 906.

or that would preclude this court from resolving the dispute at this stage.

### III

■ Lastly, plaintiff argues that the board of directors is not a suable entity.[8] In this it is correct. In fact, the board of directors may not even bring suit in its own name because it is not the real party in interest. See Rule 17, F. R. Civ. P. Pursuant to 28 V.I.C. § 922(a) a foreclosure action may only be brought by the board of directors "acting on behalf of the apartment owners." In fact, in paragraph 2 of the complaint, plaintiff alleges that this action is "brought under 28 V.I.C. § 922(a)." This court must, if it is to allow this action to go forward, construe the present action as being brought not by the board on its own behalf, as the caption suggests, but by the board on behalf of all the apartment owners. In that capacity the board is a suable entity.

### IV

■ Still remaining is the question of whether a counterclaim may be asserted against the board when it is acting on behalf of the condominium association. Pursuant to 28 V.I.C. § 910(8) each condominium association must designate in its declaration a person to receive service of process. This subsection, when read in conjunction with 28 V.I.C. § 926,[9] would appear to make little sense if no actions were permitted against the board on the grounds that

---

[8] In its brief Shibui states that there is no provision in the law for suit against the board of directors because it is not a legal entity.

[9] That section, entitled "Actions", provides:

"Without limiting the rights of any apartment owner, actions may be brought by the manager or Board of Directors, in either case in the discretion of the Board of Directors, on behalf of two or more of the apartment owners, as their respective interest may appear, with respect to any cause of action relating to the common areas and facilities of more than one apartment. Service of process on two or more apartment owners in any action relating to the common areas and facilities or more than one apartment may be made on the person designated in the declaration to receive service of process."

it is not a suable entity.[10] More importantly, plaintiff overlooks the effect of 28 V.I.C. § 926, which provides for actions by the board relating to the common areas. The first sentence of § 926, which authorizes such actions, clearly states that it is without limit to the rights of any apartment owner. Thus, this sentence, when read with Rule 13(a) and (b) of the Federal Rules, must be said to give Ms. Carr the right to assert her counterclaim.[11] In addition, the second sentence of § 926 provides that service of process on "two or more apartment owners" may be made on the person designated in the declaration to receive the same. Ms. Carr's counterclaim, being against the board of directors on behalf of all apartment owners, is against two or more apartment owners within the meaning of § 926. It also is an "action relating to the common areas and facilities." Ms. Carr's counterclaim thus is within the contemplation of the statute.

■ Finally, 28 V.I.C. § 906 explicitly authorizes a suit by any apartment owner to enforce the bylaws and administrative rules in addition to the covenants, conditions and restrictions in the declaration or deed to an owner's apartment. Section 906 specifically provides that failure of any owner to abide by them

---

[10] Arguably, the intent of § 910(8) in designating a person to receive process is for cases in which the board or an individual owner brings an action against two or more apartment owners pursuant to the second sentence of § 926. The court believes, however, that this would be an overly restrictive reading. Moreover, § 910(8) refers to service on the agent "in the *cases* hereinafter provided." However, the Condominium Act only spells out one "case" in which service may be made on the § 910(8) agent, and that is an action against two or more apartment owners pursuant to the second sentence of § 926. Consequently, unless the court reads § 910(8) as impliedly authorizing a cause of action against the board, or reads the first sentence of § 926 as authorizing a suit against the board, or construes the board to be "two or more apartment owners" within the meaning of the second sentence of § 926, the reference to "*cases*" in § 910(8) where process may be served on the agent would be erroneous.

[11] The court does not have to hold that the counterclaim is compulsory. Clearly, though, it is permissible, and, unless otherwise barred, defendant may properly assert it.

shall be ground (sic) for an action to recover sums due, for damages or injunctive relief or both maintainable by the manager or Board of Directors on behalf of the Association of Apartment Owners or *in a proper case by an aggrieved apartment owner.* (Emphasis added.)

Clearly, Ms. Carr is an "aggrieved apartment owner" within the meaning of § 906. If the plaintiff were an individual apartment owner it would be indisputable that Ms. Carr properly could assert her counterclaim. The court believes that Ms. Carr also may assert her counterclaim against the board in its agency capacity.

The underlying assumption of § 906, and indeed of the entire Condominium Act, is that the board will comply with the declaration and bylaws of the condominium association. Where it does not, all condominium members will suffer. It also must be presumed that all apartment owners purchase units in reliance on the covenants and conditions contained in the declaration and bylaws of record and on the assumption that they will be enforced. Consequently, when the board violates these duties and obligations, a unit owner must have a right to enforce them by legal action or face the possibility of having them rendered null and void by the board.[12] If anything, a violation by the board is more serious because there is a greater potential for harm. Although § 906 does not explicitly give unit owners a cause of action against the board, the court finds that both logic and sound public policy compel interpreting that section to include actions by a unit owner against the board for violation of the declaration or bylaws of the condominium.[13]

---

[12] See Art. I, § 3, of the bylaws, Defendant's Exhibit A. In addition, pursuant to §§ 902 and 917, the declaration must be filed in the Recorder of Deeds Office and accompanied by a copy of the bylaws. Modifications to the bylaws must be set forth as amendments to the declaration, and also must be recorded. Id. Absent recordation, neither the declaration nor the bylaws are valid. Id.; § 914(a). These sections, by requiring public recording of the bylaws, presuppose that the board will act in conformity with them and invite reliance by interested condominium purchasers.

[13] Defendant in her memorandum of law asked for leave to add the Association of Apartment Owners as a third-party defendant if the court be-

Accordingly, plaintiff's motion for summary judgment will be denied.

lieved that it must be a named party. However, in view of the court's conclusion that the board can only be before this court in its agency capacity, on behalf of all apartment or unit owners, the court sees no need to resort to thei mpleader process and, as stated supra, will construe the complaint accordingly.