753 F.2d 24
 40 Fed.R.Serv.2d 1246
 Angela L. HOHEB, Mavis O'Neal Williams, Eloise Smith
Hendricks, Linda Smith Francis, Eddie William Smith,
Corrinne Parker, Jenny Kelly, Lucy Smith, Chrystal Smith
Johnson, Frederick Smith and Fanny O'Neal, Appellees,
v.
Herbert J. MURIEL, Newfound Corporation, and Gulf Caribbean
Development Corporation, Appellants.
 No. 83-3588.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 6, 1984.
Decided Jan. 21, 1985.
 
 Maria Tankenson Hodge (Argued), St. Thomas, U.S.V.I., for appellees.
 Adriane J. Dudley (Argued), David P. Atkins, Dudley Dudley & Topper, St. Thomas, U.S.V.I., for appellants.
 Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge:
 
 
 1
 Herbert J. Muriel, Newfound Corporation, and Gulf Caribbean Development Corporation, the defendants in an action seeking rescission of a real estate transaction, appeal from an order of the District Court of the Virgin Islands denying their Fed.R.Civ.P. Rule 19 motion to dismiss for failure to join necessary parties, or to join such parties. The trial court determined that the order denying that motion "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. Sec. 1292(b) (1982). This court permitted the appeal. We reverse.
 
 I.
 
 2
 When Martha and William George died intestate their estate comprising seventy-three acres of land on St. John was inherited by thirty-seven heirs who became tenants in common. Two of the heirs, Alicia Smith Penha and Vitalia Boynes, retained Herbert J. Muriel, Esq. to handle the administration of the estate and the sale of the property. Each of the heirs executed a power of attorney authorizing Penha and Boynes to sell that heir's interest in the property. On April 2, 1979 Penha and Boynes signed an agreement pursuant to which part of the land was to be sold to Newfound Corporation, the closing to take place on July 1, 1979. Penha and Boynes also signed a memorandum, dated April 2, 1979, in which Muriel declared that he also represented the purchaser, Newfound Corporation.
 
 
 3
 Meanwhile, however, Alva O'Neal, one of the heirs, had revoked the power of attorney to Penha and Boynes. The closing date was extended by agreement, and on March 15, 1982 Boynes and Penha executed an amendment in which Gulf Caribbean Development Corporation was acknowledged to be Newfound's assignee. The March 15, 1982 amendment provided, further, that the sellers would endeavor to obtain the interest in the land owned by Alva O'Neal.
 
 
 4
 Efforts to obtain a conveyance of O'Neal's interest were not successful. Nevertheless, on March 16, 1982, Boynes and Penha conveyed the property to Gulf Caribbean Development Corporation, by warranty deed on behalf of all tenants in common except O'Neal. The purchase price of $330,030.00 was paid $66.006.00 in cash, and the balance of $264,024.00 by a promissory note secured by a purchase money mortgage on Gulf Caribbean Development Corporation's entire interest in the property. By then the number of tenants in common had increased, and forty-two were named as mortgagees. The mortgage was duly recorded.
 
 
 5
 In February of 1983 eleven of the original grantors instituted an action for rescission of the sale. Those eleven plaintiffs contend that Muriel's fraud and undue influence were such as to permit them to recover their property. The defendants moved to dismiss the complaint for failure to join, as necessary parties, the remaining grantors, or alternatively to direct the plaintiffs to join those parties. The defendants contended that if the rescission action proceeded in the absence of all parties having an interest in the promissory note and mortgage complete relief could not be granted, and the mortgagor would be at risk of incurring inconsistent obligations. The trial court denied this motion, reasoning that tenants in common, holding several interests in real estate are not indispensable parties to an action by other tenants relative to their proportionate interests. The court reasoned:
 
 
 6
 The relief sought by the plaintiffs in this action would apply only to them. The action would not affect the rights of those former tenants in common who have chosen to stay out of the action. Nothing which results from this action would affect the sale of their interests, or the finality of that sale. Other than damages, the plaintiffs seek only the restoration of their own tenancy in common.
 
 
 7
 53-a.
 
 II.
 
 8
 Rule 19 was amended in 1966 to simplify and liberalize joinder under the Federal Rules of Civil Procedure. 7 C. Wright and A. Miller, Federal Practice and Procedure, Sec. 1601 (1972). According to the Advisory Committee, the principal consideration is that "persons materially interested in the subject of an action ... should be joined as parties so that they may be heard and a complete disposition made." Fed.R.Civ.P. 19, advisory committee note. To that end Rule 19(a) provides in relevant part:
 
 
 9
 A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
 
 
 10
 The plaintiffs do not argue that all the grantors are not subject to service of process in the District Court of the Virgin Islands. Since under the Organic Act, 48 U.S.C. Sec. 1612 (1982), that court is a court of general jurisdiction for the Territory, joinder of the absent grantors would not deprive it of subject matter jurisdiction. Thus the only remaining inquiry is whether those grantees fit within either of the disjunctive specifications in the rule.
 
 
 11
 All the former tenants in common except O'Neal joined through their attorneys in fact, Penha and Boynes, in a conveyance to Gulf Caribbean Development Corporation. They received as consideration a promissory note and a mortgage on Gulf's interest in the property, undivided and entire, except for O'Neal's interest as a tenant in common. If, as the eleven plaintiffs seek, the court should rescind the transaction and restore those eleven to their former position as tenants in common, the security for the promissory note will be reduced to the extent of their interest.
 
 
 12
 The plaintiffs urge that, insofar as the other grantors are concerned, the mortgage and their share of the note will be unaffected. It is plain, however, that in undertaking the obligation evidenced by the note the payor intended some sort of development of the real estate. The value attributable to future development will be far more speculative if the payor's undivided interest in the real estate is reduced by a partial rescission. There is no question, therefore, that the security of the remaining mortgagees would be reduced by virtue of the relief which plaintiffs seek.
 
 
 13
 It is true that the problem of use of the land can be resolved, after rescission, by a partition action. That fact, however, only serves to demonstrate that the interests of the absent mortgagees will be seriously impeded by the rescission action. Indeed as mortgagees they may not be in a position to ask for partition until after a default and a foreclosure. Moreover after they obtain such relief they may realize far less from the partitioned property than is due them under the note and mortgage.
 
 
 14
 In ruling that the absent mortgagees need not be joined the trial court relied on Chidester v. City of Newark, 162 F.2d 598, 600 (3d Cir.1947), which holds that co-tenants in common are not indispensable parties in an ejectment action. We need not decide whether the Chidester holding survives that 1966 amendment to Rule 19, because, in any event, it does not deal with the situation here. The co-tenants in Chidester did not hold a security interest in property which would be affected by a percentage dilution of their security.
 
 
 15
 Moreover the defendants face a real likelihood of multiple litigation. The plaintiffs urge otherwise, relying on the fact that, as to the grantors who have not sought rescission and damages, the statute of limitations has run. While that may be so, if the plaintiffs succeed in obtaining rescission the defendants still would face litigation over partition, and perhaps over reformation of the terms of the note and mortgage.
 
 
 16
 Finally, the court should have considered "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111, 88 S.Ct. 733, 739, 19 L.Ed.2d 936 (1968); see Fed.R.Civ.P. 19(a), advisory committee note. If the relief sought by plaintiffs should be granted further litigation over partition of the property appears inevitable. If all grantors are joined now, complete relief can be given in a single lawsuit.
 
 III.
 
 17
 The court erred in holding that Fed.R.Civ.P. 19(a) does not require joinder of the absent mortgagees. The order appealed from will, therefore, be reversed and the case remanded for the entry of an order directing that the plaintiffs join those absent mortgagees as parties, or suffer a dismissal of the action.