**ICON GROUP, INC., Plaintiff**

v.

**MAHOGANY RUN DEVELOPMENT CORP., ARMOUR JOINT VENTURE, CRISWELL DEVELOPMENT COMPANY, MERRILL LYNCH PRIVATE CAPITAL CORP., LOVENLUND RESORTS ASSOCIATES, JAMES ARMOUR, WILLIAM CRISWELL and SHARON CRISWELL,** Defendants

Civil No. 1985/427

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 30, 1986

ANTHONY A. TAYLOR, ESQ., St. Croix, V.I., *for plaintiff*

ADRIANE DUDLEY, ESQ., St. Thomas, V.I., *for defendants Mahogany Run Development Corp., Armour Joint Venture* and *James Armour*

GREGORY H. HODGES, ESQ. (DUDLEY & TOPPER), St. Thomas, V.I., *for defendants Lovenlund Resorts Associates, Criswell Development Company, William and Sharon Criswell*

Joseph Bruce Wm. Arellano, Esq. (Campbell & Arellano), St. Thomas, V.I., *for defendant Merrill Lynch Private Capital Corp.*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

The gravamen of this action is the breach of a lease held by joint owners of realty. We must decide whether the plaintiff's refusal to join its co-owners warrants dismissal. Under the law of concurrent ownership and Rules 17 and 19 of the Federal Rules of Civil Procedure, we hold that refusal mandates dismissal.

### I. FACTS

The putative plaintiff, ICON Group, Inc., is one of seventeen investors who own sixteen St. Thomas condominiums as tenants in common.[1] The realty was purchased in December 1983 pursuant to a sale-leaseback arrangement, obligating the seller-lessee, defendant Mahogany Run Development Corp., to pay monthly rents ranging from $30,920.02 to $35,920.02 for eight years.[2] ICON was hired to manage the interests of the tenants in common.

Mahogany Run's default two months later is the heart of this action. ICON alleges that: Mahogany Run and defendant James Armour, its guarantor, are liable for the breached lease; they were induced to breach it by the other defendants; Mahogany Run fraudulently conveyed its assets through a chain of the other corporate defendants, except Merrill Lynch, to frustrate foreclosure by creditors, and finally, these actions violated the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. § 1961 et seq. Compensatory and punitive damages of $15 million are demanded in addition to equitable relief and RICO's trebling penalties.

ICON filed this suit on behalf of all of the investors under the purported authority of individually executed powers of attorney that provide:

---

[1] In addition to ICON, the investors are: Judith and Stephen A. Brill; Arthur Friedman; Gittstone Associates; Alfredo Gulla; Tom and Marvel I. Hory; Milton Ingerman; Robert J. Manccini; Ira and A. Adele Nevin; Thomas E. and Barbara A. Nixon; Evo E. Rifelli; John A. Svenningsen; Peter B. Beekman; Eisenberg Honig & Eugler; Herbert E. Chace; John M. Costello, and Stuart Kirsner.

[2] The investors purchased their interest from a nonparty, ICG Realty Management Corp., which had closed its deal with Mahogany Run two months earlier. The latter transaction involved the sale of the condominiums and assignment of the lease.

## ACKNOWLEDGEMENT

I hereby acknowledge that ICON Group, Inc., as an agent acting on my behalf, may commence and conduct any legal action in its own name, with respect to my interests in certain condominium units located at Mahogany Run, St. Thomas, United States Virgin Islands, as more fully described in a Private Placement Memorandum dated October 31, 1983, as amended.

Several defendants affirmatively defended on the theory that ICON is not a real party in interest to assert the claims of the other investors. We agreed and, on August 19, 1986, ordered ICON to join its co-owners or face dismissal of the case.

ICON responded by amending its complaint to allege that it is "the express agent and represents the Investors in the instant action." We must now decide whether this measure is sufficient to avoid dismissal.

## II. DISCUSSION

ICON contends that it may prosecute the co-owners' claims because it is both their tenant in common and appointed agent for suit. Both arguments are meritless.

### A. *Tenancy in Common*

■ Concurrent owners of realty enjoy an undivided interest in the land. Injury to the common interest, such as ICON asserts here, is suffered jointly and can only be redressed in a single action in which all of the owners join. 4A R. Powell & A. Rohan, Powell on Real Property, ¶ 606 (1986); 6 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1621 (1971). See Hoheb v. Muriel, 753 F.2d 24 (3d Cir. 1985); Jaillet v. Hill & Hill, 460 F. Supp. 1075, 1078-79 (W.D. Pa. 1978). Joinder is also required because tenants in common are indispensable parties. Fed. R. Civ. P. 19(a) provides in part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical

matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

ICON cannot claim that its co-owners are beyond this Court's process powers or that their joinder would destroy our subject matter jurisdiction. Hoheb, supra at 26. Thus the only inquiry is whether dismissal is warranted because of their absence.

Tenancy in common implicates virtually all of Rule 19(a) concerns. Any judgment secured by ICON would affect each absent investor because their interests, by definition, are undivided. At the same time, these defendants face seemingly endless litigation—potentially seventeen identical lawsuits—unless all of the tenants in common are joined as plaintiffs and ICON has refused to do so. We will not permit this case to proceed without them because of the likelihood of repetitive lawsuits and possibility of inconsistent verdicts. Moreover, the Mahogany Run resort was ordered into receivership on the application of Merrill Lynch. All of the tenants in common are entitled to share in its remaining assets and prosecution in a single suit will assure this.

## B. *Agency*

██ Rule 17(a) mandates the dismissal of all actions instituted by a plaintiff who is not a real party in interest. This requirement is conceptually similar to the federal jurisdictional prerequisite of standing, the doctrine that identifies a party's right to file suit against governmental action. Malamud v. Sinclair Oil Corp., 521 F.2d 1142, 1147 (6th Cir. 1975); Wright & Miller, supra, §§ 1542, 1553. The rule provides:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real

party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

■■ A real party in interest is the party who has a substantive right to enforce the claim. E.g., Virginia Electric & Power Co. v. Westinghouse Electric Corp., 485 F.2d 78, 83 (4th Cir. 1973); United States v. 936.71 Acres of Land, State of Florida, 418 F.2d 551, 556 (5th Cir. 1969); Wright & Miller supra, § 1543 (1971); 3A Moore, Federal Practice, ¶ 17.07 (1986). The federal or local law applicable to the merits of the action determines whether the putative plaintiff has an interest in the litigation that is both present and substantial as distinguished from one that is derivative or a mere expectancy. E.g., 936.71 Acres, supra at 556. See Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984); Virginia Electric & Power, supra at 83.

■■ The purpose of Rule 17(a) is to protect a defendant from subsequent lawsuits by plaintiffs who are not party to the present proceeding and to ensure that any action reduced to judgment will have a res judicata effect. E.g., Prevor-Mayorsohn Caribbean v. Puerto Rico Marine Management, Inc., 620 F.2d 1, 4 (1st Cir. 1980); BP Oil, Inc. v. Bethlehem Steel Corp., 536 F. Supp. 293, 295 (E.D. Pa. 1982); Clarkson Co. Ltd. v. Rockwell International Corp., 441 F. Supp. 792, 797 (N.D. Cal. 1977): See Notes of Advisory Committee on Rules, Fed. R. Civ. P. 17(a), 1966 Amendment. Thus, the acid test for identifying a real party in interest is whether this plaintiff's action will bar others from asserting the same claim. Moore, supra at ¶ 17.07.

■ ICON's power of attorney is meaningless in a Rule 17(a) analysis because the creation of this type of an agency does not transfer the legal rights of the grantor—the real party in interest. Wright & Miller, supra, §§ 1545, 1553; Moore, supra, ¶ 17.10. The general rule is that:

A person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than in his own name. To determine the agent's status and whether he has any right or

authority to proceed on his own, the language of the power of attorney must be examined. But an agent who has an ownership interest in the subject matter of the suit (or a power coupled with an interest), which is a question to be answered under the applicable substantive law, is a real party interest.

Wright & Miller, supra, § 1553.

■ Agency bestows real party in interest status where it is coupled with an interest or is ratified by the principal. ICON does not allege either theory but we will, nevertheless, examine their applicability.

■ An agent who acquires an interest in the subject matter of the litigation, either as compensation for performance or independently derived, satisfies Rule 17(a) because in "act[ing] as an agent, . . . it is acting on its own behalf." Hanna Mining Co. v. Minnesota Power & Light Co., 573 F. Supp. 1395, 1398 (D. Minn. 1983) (agent owned 37.5% of its principal's stock). Accord Lubbock Feed Lots Co. v. Iowa Beef Processors, 630 F.2d 250, 258-59 (5th Cir. 1980) (feedlot operators customarily withheld their compensation from cattle sale proceeds).

■ It is arguable that ICON's agency is coupled with an interest because its individual interest in this suit is identical to that of its principals. It does not follow, however, that it may prosecute this action alone. Rule 17(a) presumes that indispensable parties have been joined. Hanna Mining, supra at 1398-99; Wright & Miller, supra, § 1543. We have already determined that the law of tenancy in common requires dismissal of this suit unless all co-owners are joined. ICON elected not to comply with this condition and, therefore, dismissal is mandated regardless of the agency.

■ ■ This result is the same under the theory of ratification. Rule 17(a) expressly permits a representative to maintain a suit if the real party in interest authorizes the continued prosecution after objection. The key to ratification is the express agreement of the real party in interest to be bound by that final judgment. Motta v. Resource Shipping & Enterprises Co., 499 F. Supp. 1365, 1371 (S.D.N.Y. 1980); deVries v. Weinstein International Corp., 80 F.R.D. 452, 458-59 (D. Minn. 1978); Clarkson Co., supra at 797. Thus, they are also liable for resulting damages and sanctions.

We ordered the investors' joinder because of the spectre of defense motions for costs, attorneys fees and sanctions likely to follow the serious accusations but weak theories of liability asserted by ICON against at least some of the defendants. Rather than comply with this order or ratify ICON's authority to pursue this matter, the investors obstinately refused to accept the potential financial consequences that accompany this type of lawsuit. We will not allow the real parties in interest to hide behind the limited liability of their corporate agent. This action must, therefore, be dismissed because the true plaintiffs have declined to prosecute their claims.

## C. *Statutory Standing*

ICON may yet qualify as a real party in interest if a statute expressly grants it the right to sue. The two statutory counts of this complaint, however, are based on laws that dispel any remaining claim of ICON's standing.

### 1) *RICO*

Standing to assert a civil claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., is granted to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter. . . ." 18 U.S.C. § 1964(c). Only the victims of criminal enterprises—those who have suffered a RICO injury directly—can sue. Warren v. Manufacturers National Bank of Detroit, 759 F.2d 542, 544-45 (6th Cir. 1985) (shareholder whose corporation was a RICO victim suffered an indirect injury and, therefore, lacked standing); Cenco, Inc. v. Seidman & Seidman, 686 F.2d 449, 457 (7th Cir.), cert. denied, 459 U.S. 886 (1982) (auditors used as a tool of RICO enterprise were injured indirectly and, therefore, lacked standing); Levey v. E. Stewart Mitchell, Inc., 585 F. Supp. 1030, 1034-35 (D. Md. 1984), aff'd 762 F.2d 998 (3d Cir. 1985) (primary investor and guarantors of companies succeeding corporate RICO victim suffered an indirect injury and, therefore, lacked standing).

Under RICO, ICON may complain only of its own injury. The law of concurrent ownership, however, precludes suit in the absence of the co-owners' joinder. Thus, this claim must be prosecuted jointly if at all. ICON's decision to proceed alone mandates dismissal.

424

2) *Fraudulent Conveyance*

 The Virgin Islands grant a cause of action to creditors defrauded in a transaction. The most pertinent statute, 28 V.I.C. § 207, provides:

### Conveyance made with intent to defraud

Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

 As with RICO, ICON can neither rely on § 207 to enlarge its right to bring suit for others nor proceed in contravention of tenancy in common's rules of joinder. This aspect of the complaint must also be dismissed.

## III. CONCLUSION

This case is dismissed because the plaintiff has refused to join its tenants in common. They are indispensable parties and under the rules of concurrent ownership and real parties in interest, ICON can neither proceed without them nor purport to represent their interests.

## ORDER

THIS MATTER was raised by the Court sua sponte. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED and DECREED:

THAT the above captioned action be, and the same is hereby DISMISSED WITHOUT PREJUDICE, and

THAT the security posted in this matter be returned to plaintiff ICON Group, Inc.