STEPHEN D. REGAN, Plaintiff

v.

ESTATE QUESTA VERDE TOWNHOUSES,
A Condominium, Defendant

Civil No. 652/1988

Territorial Court of the Virgin Islands

Div. of St. Croix

October 4, 1988

CONSTANCE E. HOLMES, ESQ., St. Croix, V.I., *for plaintiff*

LEE J. ROHN, ESQ., St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

Defendant's motion to dismiss was granted on September 15, 1988, not on the merits of the motion but on the plaintiff's apparent failure to oppose it. Such dismissal, however, was premature, since the plaintiff had been informed that he had until September 16 to respond to the motion. Since he did timely respond, the motion will be reviewed at this point on its substance.

 The defendant sets forth three bases for dismissal: 1) failure to join indispensable parties, 2) failure to prosecute and 3) lack of subject matter jurisdiction. The second and third contentions are intertwined and stem from the June 23, 1988, transfer of this action from the Small Claims Division to the Civil Division of this court. The defendant argues that since, at the time of this motion, no new complaint had been filed in the Civil Division, the action should be dismissed both for failure to prosecute and for lack of subject matter jurisdiction.[1] While it is indeed better practice to file a new

---

[1] In the interim, the plaintiff has filed an amended complaint which the defendant has answered.

complaint upon transfer, there is no specific requirement, either in the statute establishing the Small Claims Division, 4 V.I.C. §§ 111–112, or in the applicable rules of the Territorial Court, 5 V.I.C. App. IV R. 61–69, which so requires. This comment is not intended to approve of the failure to file a complaint upon transfer, but rather to state that a new complaint is not a jurisdictional requirement.

The other basis for the motion is that the plaintiff has failed to join indispensable parties, i.e., all of the unit owners of Estate Questa Verde Townhouses. The argument is that the execution upon any judgment which might be obtained by the plaintiff can only be accomplished by levying against property held jointly by unit owners, who therefore have a compelling interest in this litigation.

■ The question of whether and how a judgment may be enforced is distinct from the issue of whether Estate Questa Verde Townhouses is a suable entity. While the defendant correctly contends that it is not an incorporated entity, it does not argue that it is not suable. Indeed, it is a "person" according to statute, 28 V.I.C. § 901(m). In a typically thorough and lucid opinion, former Judge Feuerzeig held that a condominium association "is a distinct and separate entity from that of its members." The Board of Directors of Shibui v. McGuire, 16 V.I. 300, 305 (Terr. Ct. St. T. and St. J., 1979). As such, the condominium association is subject to suit.

■ Tit. 28 V.I.C. § 909 provides that the common expenses of the property are to be charged to the unit owners according to their respective interests. Special assessments are the standard means by which an association pays for unscheduled costs, such as repairing the roof or repaving the parking lot. A judgment against the association in the event the plaintiff prevails here likewise could be the basis of a special assessment to the unit owners. Whether, and how, a writ of execution would lie against the association is an interesting question, but one which need not be answered at this juncture. If the defendant is correct in its view that it has no assets, the plaintiff ultimately might find his adversary to be judgment-proof, but that possibility obviously has not deterred him from proceeding. Likewise, that possibility does not make the unit owners, who have undivided interests in the common areas, indispensable parties, any more than does their possible exposure to a special assessment to pay a judgment against the association.

The cases cited by the defendant, Icon Group v. Mahogany Run Development Corp., 112 F.R.D. 201 (D.C.V.I. 1986), and Hoheb v. Muriel, 753 F.2d 24 (3d Cir. 1985) are inapposite. Each holds that absent tenants in common are indispensable parties to litigation brought by a co-tenant. Even were Icon Group and Hoheb to be precedent for requiring that all tenants in common be joined as defendants where one has been named as a defendant, that is not the situation in this case, since the defendant Questa Verde Townhouses is not a tenant in common with the unit owners.

■ For the foregoing reasons, the defendant's motion to dismiss will be denied.

## ORDER

For the reasons expressed in the memorandum opinion of even date, it is hereby

ORDERED that the September 15, 1988, order herein is vacated; and it is further

ORDERED that the motion to dismiss, dated September 6, 1988 is hereby DENIED.