**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4537
_____


IRA FRANK; RICHARD CORNELL; KENNETH DREW;
NICHOLAS GOODPASTER; PETER DAVITT,

Appellant

v.

JOHN ENRIETTO; MARK FARRELL

On Appeal from the District Court of the Virgin Islands
Appellate Division, Division of St. Thomas & St. John
(D.C. No. 3-06-cv-00212)
District Judges: Hon. Curtis v. Gomez and Hon. Raymond Finch

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2014

Before: CHAGARES, JORDAN, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: January 7, 2015)
_____

OPINION*
_____

CHAGARES, <u>Circuit Judge</u>.

This case arises out of an October 8, 2005 Board of Directors election at

Bluebeard's Castle Hilltop Villas ("Bluebeard"). The losing candidates in that election

filed a complaint against Ira Frank, Kenneth Drew, Richard Cornell, Nicholas

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Goodpaster, and Peter Davit in that group's capacity as Bluebeard's Condominium Association (collectively, "the defendants") in the Superior Court of the Virgin Islands arguing that the method of vote counting violated Bluebeard's bylaws. The defendants moved for summary judgment on the ground that the vote counting method complied with the Virgin Islands Condominium Act ("VICA"), which superseded the bylaws. The Superior Court denied summary judgment, held that the bylaws controlled, ruled that the votes had been incorrectly counted, and denied plaintiffs' motion for discovery to see the votes. After the Superior Court denied both sides' motions for reconsideration, the defendants appealed to the Appellate Division of the District Court of the Virgin Islands, which found that the VICA does not mandate percentage voting and affirmed the Superior Court's judgment. The defendants now appeal, and for the reasons that follow, we will affirm.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. John Enrietto and Mark Farrell each sought election to Bluebeard's Condominium Association ("the Association"), and both lost. They later learned that the votes had been calculated on a percentage basis — whereby votes were counted based on each unit's or weekly interval's respective interest in the common area of the condominium — rather than one the "one-unit, one-vote" basis prescribed in the bylaws, whereby each unit received one vote and each owner of a weekly time-share unit received 1/52 of a vote. See Joint Appendix ("JA") 98; 155-56. Enrietto and Farrell later

2

discovered that they would have won under the one-unit, one-vote system.  See Plaintiffs'

Br. 4 n.1.

> Section 2 of the bylaws, which concerns voting, provides that:

> One (1) vote shall be assigned to each Condominium Villa
> Unit, regardless of whether or not such Condominium Villa
> Unit is committed to interval ownership.  The vote assigned
> to Condominium Villa Units committed to interval ownership
> is divisible so that each Condominium Interval Unit shall be
> assigned 1/52 of the vote of the Condominium Villa Unit in
> which such Condominium Interval Unit is located.

JA 98.  The "Declaration of Condominium Establishing Bluebeard's Castle Hilltop Villas

A Condominium" ("the Declaration") provides that "Bluebeard's Castle, Inc. . . . does

hereby make, declare and establish on behalf of itself, its successors and assigns, this

Master Declaration . . . as and for a horizontal property regime and plan of condominium

ownership . . . ." JA 77.

The VICA, 28 V.I.C. § 901, et seq., governs the formation and operation of

condominiums in the Virgin Islands, and it contains several provisions relevant to our

determination here.  The defendants rely on 28 V.I.C. § 910, which requires a declaration

to include, inter alia, the "[v]alue of the property and of each apartment, and the

percentage of undivided interest in the common areas and facilities appertaining to each

apartment and its owner for all purposes, including voting."  Id. at § 910(6).

The VICA also requires that "[e]ach apartment owner . . . comply strictly with the

bylaws and the administrative rules and regulations adopted pursuant thereto . . . and with

the covenants, conditions and restrictions set forth in the declaration or in the deed to his

apartment." Id. at § 906.  The VICA also describes the contents of the bylaws, noting

3

that they may provide for "[t]he election from among the apartment owners of a Board of Directors, the number of persons constituting the same, and that the terms of at least one-third of the directors shall expire annually . . . ." Id. at § 918(a). The bylaws may also provide for the election of a president, secretary, and treasurer. Id. at § 918(c) – (e).

## II.

The Superior Court of the Virgin Islands exercised jurisdiction pursuant to 4 V.I.C. § 76. This case comes to us from the District Court of the Virgin Islands Division of St. Thomas and St. John Appellate Division, which has appellate jurisdiction over final judgments from the territorial courts of the Virgin Islands where the appeals were filed before January of 2007. See 48 U.S.C. § 1613a(d) ("Upon the establishment of [a territorial appellate court] all appeals from the decisions of the courts of the Virgin Islands established by local law not previously taken must be taken to that appellate court," and "[t]he establishment of the appellate court shall not result in the loss of jurisdiction of the district court over any appeal then pending in it."); Simon v. Gov't of the Virgin Islands, 679 F.3d 109, 113 (3d Cir. 2012) ("After the Virgin Islands Supreme Court was created on January 29, 2007, it assumed jurisdiction over all appeals from the Superior Court, except for those 'then pending' before the District Court."). The appeal was filed in November of 2006, and so the District Court had jurisdiction pursuant to 48 U.S.C. § 1613a. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c). See also Gov't of Virgin Islands v. Rivera, 333 F.3d 143, 146 (3d Cir. 2003).

In its July 19, 2006 Order, the Superior Court denied the defendants' motion for summary judgment and granted declaratory relief pursuant to the Virgin Islands Uniform

4

Declaratory Judgments Act, 5 V.I.C. § 1261 et seq., see JA 176-89, and in its October 17, 2006 Order, it denied the parties' motions for reconsideration. See id. at 222-29. The District Court reviewed the grant of declaratory relief under the abuse of discretion standard we set forth for the federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. See JA 25 (citing Exxon Corp. v. FTC, 588 F.2d 895, 900 (3d Cir. 1978)).

We have not addressed whether the same standard of review applies to an award of declaratory relief under 28 U.S.C. § 2201 and 5 V.I.C. § 1261. We review an award of declaratory relief under the federal statute for abuse of discretion, see Interdynamics, Inc. v. Firma Wolf, 698 F.2d 157, 167 (3d Cir. 1982), and we consider de novo the legal conclusions essential to that determination. See Silverman v. Eastrich Multiple Investor Fund, L.P., 51 F.3d 28, 30 (3d Cir. 1995). Nothing in the statutory texts suggest that we should not likewise consider the legal conclusions de novo where a Virgin Islands court exercises its authority under 5 V.I.C. § 1261. With regard to the denial of summary judgment, we exercise plenary review, Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002), and we grant summary judgment if, "view[ing] all evidence in the light most favorable to the non-moving party," Kurns v. A.W. Chesterton Inc., 620 F.3d 392, 395 (3d Cir. 2010), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a denial of a motion for reconsideration, we consider the underlying legal determinations de novo. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). The Superior Court's and the District Court's determinations as to the summary judgment motion, the request for declaratory relief, and the motions for reconsideration

5

turned on the legal determination that the bylaws did not conflict with the VICA, and we exercise plenary review over that question. See Gov't of the Virgin Islands v. Marsham, 293 F.3d 114, 117 (3d Cir. 2002) (applying de novo review to Appellate Division's interpretation of Virgin Islands law).

In reviewing determinations of Virgin Islands law, we apply the doctrine set forth in Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). See Edwards v. HOVENSA, LLC, 497 F.3d 355, 359-60 (3d Cir. 2007). We thus follow Virgin Islands law as announced by the highest local court, and "'[i]f the highest court has not spoken to the issue, we can garner assistance from the decisions of the state's intermediate appellate courts in predicting how the state's highest court would rule.'" Id. at 361 (quoting Mosley v. Wilson, 102 F.3d 85, 92 (3d Cir. 1996)).

III.

We conclude, as did the District Court and the Superior Court, that the VICA controls here. The Association recorded the Declaration with the St. Thomas and St. John recorder of deeds on January 17, 1986, JA 76, and thereby submitted itself to the VICA. See JA 26.[1]

---

[1] In their reply brief, Enrietto and Farrell argue for the first time that "the time-share regime created by the declaration is not a 'condominium' as contemplated and defined by the Virgin Islands Condominium Act . . . ." Plaintiffs' Br. 7. The defendants contend that we should not consider this argument, because Enrietto and Farrell did not raise it in a cross-appeal. We agree. Though a party on appeal may advance alternative arguments in support of the District Court's finding, it may not "attack the decree with a view either to enlarging [its] own rights thereunder or of lessening the rights of [its] adversary." United States v. Tabor Court Realty Corp., 943 F.2d 335, 342 (3d Cir. 1991) (quotation marks omitted). The Virgin Islands Superior Court assumed that the VICA controlled, and neither party challenged that assumption, and the District Court found that the VICA

The defendants argue that the statutory language resolves the question of what method of vote counting the law requires. They point to 28 V.I.C. § 910, which requires a declaration to include the "[v]alue of the property and of each apartment, and the percentage of undivided interest in the common areas and facilities appertaining to each apartment and its owner for all purposes, including voting." Id. at § 910. The defendants contend that "the legislature specifically added the plain and unambiguous words 'including voting' to subsection (6) of section 910. Those two very important words 'including voting' clarify the intent of the legislature . . . ." Defendants' Br. 8. Enrietto and Farrell counter that "[t]he VICA does not mandate that each unit's percentage interest of the common areas be used as the exclusive method for tabulating votes at a condominium" because "[t]he isolated statement [in 28 V.I.C. § 910]. . . does not expressly state that the percentage interest of the common elements is the exclusive method for tabulating votes of the condominium association." Plaintiffs' Br. 11.

Enrietto and Farrell are correct that the VICA does not mandate percentage voting, and so the bylaws, which call for one-unit, one-vote voting, do not conflict with the statute.

First, the plain language of the statute does not mandate percentage voting. Section 910(6) can be read plainly to mean that the declaration must contain the percentage interest in the common areas appertaining to each apartment for any purpose

controlled by virtue of the Declaration. Both courts found that the bylaws did not conflict with the VICA. By arguing that the Association is not bound by the VICA at all, Enrietto and Farrell seek to enlarge the Association's rights by unencumbering it from the statute's restrictions – they may not do so without filing a cross-appeal, and we will not consider this argument here.

for which the percentage is relevant, including voting, but also including purposes such as delineating an owner's rights in a deed. See 28 V.I.C. § 911(4). Under this reading, if a condominium association uses another method of voting, such as one-unit, one-vote, then an association would simply not use the percentage for that purpose.

The VICA also emphasizes the importance of the bylaws in condominium governance: Section 906 provides that "[e]ach apartment owner shall comply strictly with the bylaws and the administrative rules and regulations adopted pursuant thereto . . . ." 28 V.I.C. § 906. The Territorial Court of the Virgin Islands explained that "[t]he underlying assumption of § 906, and indeed of the entire Condominium Act, is that the board will comply with the declaration and bylaws of the condominium association." Board of Directors of Shibui v. McGuire, 16 V.I. 300, 309 (V.I. Terr. Ct. 1979). That court reasoned that adherence to the bylaws was important in part because it "must be presumed that all apartment owners purchase units in reliance on the covenants and conditions contained in the declaration and bylaws of record and on the assumption that they will be enforced." Id.

As discussed above, the VICA contemplates that the bylaws "may provide" for "[t]he election from among the apartment owners of a Board of Directors," 28 V.I.C. § 918, but the section does not direct condominium associations to adopt a particular method of voting. We agree with the Superior Court and the District Court that nothing in the VICA proscribes the one-unit, one-vote system for which Bluebeard's bylaws provide.

IV.

8

For the foregoing reasons, we will affirm the judgment of the District Court.