## William Gallagher, Plff. in Err., v. John Boden.

In an action by vendor of land to recover price; defense, a deficiency in quantity of land deeded, evidence that the purchaser bought with full knowledge of the facts is admissible to rebut the defense.

Where a contract for the sale of a lot of land was for "about 200 feet in depth," and the lot conveyed was only 195 feet,—*held*, that the deficiency was not such as to relieve the purchaser from the contract,—especially as he bought with knowledge of the facts.

(Decided January 4, 1886.)

Error to the Common Pleas, No. 2, of Allegheny County to review a judgment on a verdict for plaintiff in an action by vendor for price of land sold. Affirmed.

The action was by John Boden against William Gallagher, and was originally brought in assumpsit, but was changed to debt. The plaintiff sought to recover the purchase money of a lot of land in Pittsburgh, sold by him to the defendant, by a written agreement of which the following is a copy:

Pittsburgh, Pa., Aug. 20, 1884.

Received of William Gallagher, of Pittsburgh, Pa., the sum of $25 as part payment of ground situate on the north side of Fifth avenue, 20th ward, Pittsburgh, Pennsylvania, having a front of 60 feet on Fifth avenue, and extending back about 200 feet, west of Aiken avenue about 200 feet, at corner of Lilac street, the same as now occupied by John Boden, the present grantor. The full purchase money shall be $5,600, and on pay-

NOTE.—Acceptance of a deed and the delivery of a bond for purchase money preclude allowance for deficiency in absence of bad faith or fraud on part of the vendor (Rodgers v. Olshoffsky, 110 Pa. 147, 2 Atl. 44); unless the deficiency is so serious as to constitute imposition or fraud. Comegys v. Davidson, 154 Pa. 534, 26 Atl. 618. Mutual mistake as to land conveyed may be set up as a defense to the payment of a purchase-money bond. Goettel v. Sage, 117 Pa. 298, 10 Atl. 889. A vendee may enforce specific performance of an agreement to convey lots, although they are somewhat larger than appeared by the description in the agreement, the lots, however, being designated by number and there being no evidence of fraud. Shattuck v. Cunningham, 166 Pa. 368, 31 Atl. 136. When a deed conveys land under mistake in fee, when the grantor only owned a life estate, the grantee will not be compelled to pay a mortgage given for consideration. Wilson v. Ott, 173 Pa. 253, 51 Am. St. Rep. 767, 34 Atl. 23.

ment of balance of purchase money, $5,575, by the said William Gallagher, as follows, *viz.*: On September 3, 1884, $1,900 cash, and balance of $5,575, or $3,675, to be paid by an order or check on Dollar Savings Bank of Pittsburgh, Pennsylvania, to convey to the said Wm. Gallagher, or assigns, the said described property in fee simple, by general warranty deed, free from all liens and encumbrances of any kind, and to give possession to the said Wm. Gallagher by September 1, 1884, and to pay him, said Wm. Gallagher, the monthly rent of $25 for all time he, John Boden, shall or may occupy said house on said premises, as may be agreed between grantor and grantee, on the delivery of deed aforesaid, by an article of agreement to be entered into by and between said parties hereto, providing the said Lilac street is not in plan of Aiken's lots.

W. A. Herron &amp; Sons, for John Boden.

William Gallagher.

I hereby accept the foregoing and bind myself to its performance.

His

John X Boden,

Mark.

Her

Catherine X Boden,

Mark.

Prior to the bringing of the action the plaintiff tendered a deed to defendant (the only deed tendered) for a lot described as follows: "All that certain lot or piece of ground situate in the 20th ward in the city of Pittsburgh, county of Allegheny, and state of Pennsylvania, bounded and described as follows, *viz.*: Beginning on the northerly side of Fifth avenue, formerly Pennsylvania avenue, at the distance of 232 feet westwardly from the westerly line or side of Aiken avenue, and 240 feet westwardly from the westerly side or line of Aiken avenue, as the same was at the date of the deed from Thomas Aiken and wife to the said John Boden, one of the present grantors, the said deed bearing date July 18, 1863; thence northerly along the line of lot of James Carr, and parallel with Aiken avenue, 195 feet; thence westwardly, by a line parallel with Fifth avenue, 60 feet; thence southwesterly, by a line parallel with Aiken avenue, 195 feet, to line of Fifth avenue; and thence,

by line of Fifth avenue, eastwardly 60 feet to line of James Carr's lot, at the place of beginning; being the same lot or piece of ground which Thomas Aiken and wife conveyed to the said John Boden, by their deed bearing date July 18, A. D. 1863, and recorded in the recorder's office of said Allegheny county, in deed book Vol. 174, page 48, less 5 feet heretofore taken by the widening of Fifth avenue; having erected thereon a two-story frame dwelling."

The general nature of the defense was that the deed did not convey a lot as large or as valuable as the agreement called for.

The principal part of the testimony offered by plaintiff was for the purpose of showing that defendant, when he signed the agreement in question, had full knowledge of the location of Lilac street through the Boden lot. To the admission of such evidence and to the admission of the deed, defendant objected; but the court received it and finally instructed the jury as follows:

Charge by WHITE, J.:

This is an action on a written contract between the plaintiff and defendant, to recover the price or consideration of a lot of ground which the plaintiff agreed to sell to defendant, and which he agreed to purchase. The written agreement provided that the whole purchase money should be paid at a certain time, when the deed should be given. The plaintiff prepared the deed, tendered it at the time, and demanded payment of the money, which the defendant refused; and the ground of defense now really is that it was not the lot he agreed to purchase, or, at least, that there is a mistake of 25 feet in the width of the lot. Before the plaintiff could recover at all he would be bound to make a deed conveying a fee simple, clear of all encumbrances, and after making a tender of said deed, the defendant refusing to receive it, he could then sue to recover the whole of the purchase money. The controversy arises from a want of accuracy and precision, to say the least of it, in the article of agreement, which is in the nature of a receipt for $25. The receipt, describing the lot of ground, and mentioning the consideration money for that lot, being signed by the two parties, really amounts to what may be called an article of agreement, as binding as if it had been put in more formal shape.

This paper concludes with the following sentence: "Provided the said Lilac street is not in the plan of Aiken's lots."

Now, there is no real controversy but that the deed tendered here is for the lot that John Boden lived on at the time this contract was made. There is no allegation that it is encumbered. There is testimony to the contrary. There is no evidence that this street was in the Aiken plan of lots, but evidence to the contrary; so that there is nothing here but a question of law for the court, and a question of fact for you. I admitted the deed in evidence, because I thing it describes the same lot as described in the article of agreement; but the real ground of defense is this: That the city of Pittsburgh, in 1870, laid out a street called Lilac street, and that street, as laid out, took 25 feet from the width of this lot of Boden's and the same amount from the adjoining lot. The defendant claims that he was buying a lot which had a front of 60 feet, and that cornered on this proposed street, and that he knew nothing about a proposed street taking part of the lot.

The question of law is this: If he did know of that located street, and bought with full knowledge of it, is he bound to take this deed? I say, as a question of law, he is.

The question of fact is: Did he buy with such knowledge? Now, there is no dispute that John Boden owns a lot 60 feet wide on Fifth avenue, has an indisputable title to this 60 feet, and this deed offered in evidence would convey to Gallagher a perfect title to 60 feet on Fifth avenue. Fifteen years ago the city laid out a street on paper, but that does not take the man's property. Property cannot be taken simply by an ordinance locating a street. Before the city can enter upon it, there must be an application to the courts for the appointment of viewers, who shall assess the damages and ascertain whether or not the holder of the property is injured, and render compensation for the property taken. The mere locating of the street does not prevent the owner from selling the property; and if he sells it and the city afterwards opens the street, the purchaser is entitled to such damages as may be assessed; and in this case, if the defendant, Gallagher, gets the title, and the city opens up the street, it will be bound to pay.

If the defendant had full knowledge that the city had laid out a street there, and that this portion might ultimately be taken, and bought with that knowledge, he cannot now refuse to stand to his agreement. As a question of law, I do not think there is any real discrepancy between the deed offered in evi-

dence and the article of agreement. I do not understand that the article describes it as 60 feet front on a certain avenue, from the corner of Lilac street. It is a lot at the corner of that street, and if you consider it as being opened out, it would still be a lot at the corner of that street. It is the same lot that John Boden lived on; the lot that the defendant went upon and examined several times before the article was signed. He saw that there was no actual street there, and hence when the article refers to a street as Lilac street, it refers to a street not then in existence, but which was contemplated, and if he bought, knowing these facts, he cannot now get out of it because of any discrepancy between the deed and this lot described in the article of agreement.

The question of fact then for you is: Did he buy a lot 60 feet front at the side of this proposed Lilac street, or did he buy John Boden's lot, which was 60 feet wide, knowing that a street had been laid out, which, if opened, would take 25 feet of said lot? As I have said, if he bought with that knowledge, he is bound by his agreement, must pay the money and take the deed. If he really thought he was buying a lot 60 feet wide at the side of this proposed street, and that it would not take any portion of his lot, your verdict ought to be for the defendant.

Now, there is evidence bearing upon that; you have the testimony of the defendant that he expected to get a 60-foot lot and did not know that the proposed street took any portion of John Boden's ground. As to the last clause in the agreement, "provided the said street is not in the Aiken plan of lots," I understood him to say that he wanted some assurance that this was a street laid out by the city instead of by Thomas Aiken, because his lot would be so much more valuable if there was a certainty of a street. Now, if a street is laid out upon an original plan, it is an absolute assurance, and every person who buys a lot on this plan buys subject to the plan. The plan governs, and hence it would be very important for Gallagher, if he desired to have any claim against the city for the taking of a portion of this lot, that the street should not appear on the Aiken plan. If it did, he could recover no damage. If it did not so appear, and was only laid out by the city, he could claim damages when the city should open that street, and until that time would have a right to use it. You are to say whether the

defendant's explanation of the insertion of this clause is satisfactory.

On the other hand, you have the testimony of the witness Kelly as to why the clause was put in. The defendant admits going to the city engineer's office, where he saw that there was a street located, but says he did not understand that it embraced any part of John Boden's lot. If it did not, why should this clause be put in, "provided the said Lilac street is not in the Aiken plan?" He saw it in the city plan. Now, Kelly says it was inserted for the reason that, if it was not in the Aiken plan and was in the city plan, he could get compensation whenever the city chose to open it. You will take the testimony, and, in view of the article of agreement on that point, say which is the most reasonable.

Mr. Boden testifies that when the defendant was on the ground he took him upon this portion of the lot and showed him where he had a connection with a sewer on the opposite side of the fence, and that the defendant called attention to a street and asked him whether he would be paid damages if it was opened.

The testimony is entirely for you. Your verdict, if for the plaintiff, should be for the amount of the purchase money, allowing defendant rental under the article of agreement.

The jury found a verdict for plaintiff, and defendant brought error.

*Thomas C. Lazear* for plaintiff in error.

*Bruce, Negley, & Shields* for defendant in error.

PER CURIAM:

Evidence was clearly admissible to prove that the plaintiff bought with full knowledge that the street had been located, and necessarily understood its effect on the lot he was purchasing.

The deed tendered was for the 60 feet front as specified. The contract was for "about 200" in depth. It is only 195 feet. Under all the facts of the case, that is not such a deficiency as to relieve the purchaser from his contract. He knew quite as much in regard to the size and location of the lot as the vendor did, and that the damages would accrue to him when the street should be opened.

Judgment affirmed.