**WHEELING–PITTSBURGH STEEL CORPORATION, Appellant,**

v.

**DONOVAN WIRE AND IRON COMPANY, Appellee.**

No. 78–1897.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1979.

Decided Feb. 12, 1980.

T. Lawrence Palmer, Pittsburgh, Pa. (Hollinshead & Mendelson, Pittsburgh, Pa., Ronald E. Wilson, Jordan & Wilson, New Cumberland, W. Va., on brief), for appellant.

Jolyon W. McCamic, Wheeling, W. Va. (McCamic & McCamic, Wheeling, W. Va., on brief), for appellee.

Before BUTZNER and WIDENER, Circuit Judges, and ROSZEL THOMSEN, Senior United States District Judge for the District of Maryland, sitting by designation.

BUTZNER, Circuit Judge:

Wheeling-Pittsburgh Steel Corporation appeals from an order of the district court dismissing without prejudice its suit against Donovan Wire and Iron Company. We vacate the order and remand for reinstatement of the complaint.

Wheeling-Pittsburgh claims more than a million dollars from Donovan on a contract of guaranty. Shortly before the statute of limitations ran, Wheeling-Pittsburgh filed three identical federal actions in Pennsylvania, Ohio, and West Virginia. Donovan responded only in the Ohio district court, where it filed an answer, counterclaim, and motions for temporary and permanent injunctions to prevent prosecution of the other suits. That court granted the injunction finding that the suit was properly before it because it had personal jurisdiction and the statute of limitations had not run. The Court of Appeals for the Sixth Circuit affirmed this order, and the case is proceeding in Ohio.

Two years later, the West Virginia district court dismissed the action filed there, without prejudice under Federal Rule of Civil Procedure 41(b), for administrative reasons. No motion to dismiss for want of prosecution had been filed, nor did Donovan present any evidence of harassment, bad faith, or abuse of judicial process. Wheeling-Pittsburgh, claiming potential prejudice, appealed.

Although it has been determined that the district court in Ohio has jurisdiction, this issue can be reexamined at any stage of the trial or appellate proceedings. If jurisdiction fails in Ohio, Wheeling-Pittsburgh could be confronted with a plea of limitations should it seek recovery in West Virginia without the benefit of its protective action. See, e. g., Andrew v. Bendix Corp., 452 F.2d 961 (6th Cir. 1971); Riley v. Union Pac. R.R., 182 F.2d 765 (10th Cir. 1950). For our purposes we need not determine whether Wheeling-Pittsburgh would prevail on this issue. See, e. g., Abele v. A. L. Dougherty Overseas, Inc., 192 F.Supp. 955 (N.D.Ind.1961); McCrary v. U. S. Fidelity & Guaranty Co., 110 F.Supp. 545 (W.D.S.C. 1953). It is sufficient to note that the dismissal of the West Virginia action could impose on Wheeling-Pittsburgh the burden of litigation that its protective suit was designed to prevent.

Prudent lawyers should not be faulted for guarding their clients against possible pitfalls. A court's concern over the institution of actions on the same claim in more than one district can be alleviated by an order staying the proceedings. In the absence of harassment, we deem dismissal of this action, though nominally without prejudice, to be unwarranted because it could spawn expensive litigation of issues that Wheeling-Pittsburgh has sought to avoid.

The order of the district court is vacated, and the case is remanded with directions to reinstate the complaint. Wheeling-Pittsburgh shall recover its costs.