829 F.2d 473
 9 Fed.R.Serv.3d 99
 ICON GROUP, INC., Appellant,
v.
MAHOGANY RUN DEVELOPMENT CORP., Armour Joint Venture,
Criswell Development Company, Merrill Lynch Private Capital
Corp., Freyer Corporation, Lovenlund Resorts Associates,
James Armour, Carl Freyer, William Criswell, and Sharon Criswell.
 No. 86-3633.
 United States Court of Appeals,
Third Circuit.
 Argued April 28, 1987.
Decided Sept. 30, 1987.
 
 Stephen A. Brusch (argued), Palmer & D'Amour, Charlotte Amalie, St. Thomas, V.I., for appellant.
 Gregory H. Hodges, Dudley & Topper, Charlotte Amalie, St. Thomas, V.I., for appellees Criswell Development Co., Lovelund Resorts Associates, William Criswell and Sharon Criswell.
 Adriane J. Dudley (argued), Charlotte Amalie, St. Thomas, V.I., for appellees Mahogany Run Development Corp., Armour Joint Venture and James Armour.
 Joseph Bruce W. Arellano (argued), Campbell & Arellano, Charlotte Amalie, St. Thomas, V.I., for appellee Merrill Lynch Private Capital, Inc.
 Before SEITZ, HIGGINBOTHAM and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 This is an appeal from the district court's dismissal of the complaint of plaintiff-appellant ICON Group, Inc. ("ICON"), 112 F.R.D. 201. Finding that joinder of certain interested non-parties was required under Federal Rules 17 and 19, the district court, on two occasions, ordered ICON to join those non-parties. After concluding that ICON had not complied with either of its directives, the district court dismissed ICON's complaint without prejudice. Because we find that ICON complied, substantially if not fully, with the district court's order, we will vacate the judgment of the district court and remand this action to that court.[1]
 
 I.
 
 2
 Appellee Mahogany Run Development Corporation ("Mahogany Run") owned sixteen condominium units in Mahogany Run, St. Thomas, United States Virgin Islands. On October 6, 1983, Mahogany Run conveyed the units in fee simple to ICG Realty Management Corporation ("ICG"). ICG simultaneously leased the condominium units back to Mahogany Run pursuant to a lease-back agreement (the "Master Lease").[2] Appellee James Armour allegedly guaranteed payment of all sums to be paid under the lease by Mahogany Run. On or about December 31, 1983, ICG conveyed the units by warranty deed to seventeen investors ("Investors") as tenants-in-common and also assigned its interest in the Master Lease to the Investors as tenants-in-common. ICON, as one of the Investors, obtained a forty percent interest in the units.
 
 
 3
 On or about February 1, 1984, Mahogany Run allegedly defaulted on payment of rent under the Master Lease. Despite demands for payment by ICON, Mahogany Run allegedly remains in default at the time of this appeal. Since Mahogany Run's alleged default, ICON has been forced to pay real estate taxes in the amount of $44,026.71 that Mahogany Run would allegedly be required to pay under the Master Lease.
 
 
 4
 ICON also alleged that on or about December 29, 1984, Mahogany Run and appellees Armour Joint Venture ("Armour") and Criswell Development Corporation ("Criswell Development") organized appellee Lovenlund Resort Associates ("Lovenlund") and transferred Mahogany Run's assets to Lovenlund with the intention and purpose to hinder, delay and defraud Mahogany Run's creditors. ICON alleged further that, in order to commit and then to conceal the above fraudulent conveyance, Mahogany Run, Armour, Criswell Development, appellees William Criswell, Sharon Criswell, Merrill Lynch Private Capital Corp. ("Merrill"), Carl Freyer, and the Freyer Corporation ("Freyer Corp.") used the United States mail and interstate phone lines in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961 et seq. (1982). Additionally, ICON asserted that Merrill induced Mahogany Run and Armour to breach their contractual obligations under the Master Lease and guarantee. Further, ICON asserted that Mahogany Run, Armour and Criswell Development breached their fiduciary duty to the Investors pursuant to the Master Lease.
 
 
 5
 ICON prayed for compensatory damages in the amount of $5,000,000.00, treble compensatory damages pursuant to 18 U.S.C. Sec. 1964(c) (1982), punitive damages in the amount of $10,000,000.00, an order setting aside and declaring null and void the allegedly fraudulent conveyance of real estate, an order appointing a receiver to take charge of the assets of Mahogany Run, Armour, and Criswell Development, equitable relief, and reasonable costs and attorney's fees.
 
 
 6
 Several defendants asserted as an affirmative defense that ICON was not the real party in interest under Fed.R.Civ.P. 17 and that the other Investors must be joined under Fed.R.Civ.P. 19. By order dated August 4, 1986, the district court required ICON within 15 days to demonstrate that it was the real party in interest or to join the other Investors in the action; the order further specified that if ICON failed to comply, it would face dismissal of the suit.
 
 
 7
 In response to the August 4th order, ICON submitted "acknowledgments" from certain of the other Investors that provided:
 
 ACKNOWLEDGMENT
 
 8
 I hereby acknowledge that ICON Group, Inc., as an agent acting on my behalf may commence and conduct any legal action in its own name, with respect to my interests in certain condominium units located at Mahogany Run, St. Thomas, United States Virgin Islands, as more fully described in a Private Placement Memorandum dated October 31, 1983, as amended.
 
 
 9
 Appendix for Appellant ("App.") at A174-A207. Subsequently, appellees moved for a protective order denying discovery partially on grounds that ICON had not complied with the district court's August 4th order. The district court agreed and, on August 19th, 1986, in part, ordered ICON within 15 days to
 
 
 10
 amend its complaint and caption to name as parties plaintiff each investor group owning a condominium unit subject to the master lease described in the complaint, or, alternatively, to identify the plaintiff expressly as the agent for each investor group, acting on behalf of each, and naming each person or entity on whose behalf the plaintiff, ICON Group, Inc. will purport to act.
 
 
 11
 App. at A213. Failure to comply with the August 19th order was to result in dismissal without prejudice.
 
 
 12
 In response to the August 19th order, ICON moved to amend paragraph 21 of its complaint to read:
 
 
 13
 On or about December 31, 1983, the Investors retained Plaintiff to manage their interests in the Units and the Master Lease; and at a subsequent date said Investors consented to allow Plaintiff to maintain the instant action in its own name, on their behalf. Thus, Plaintiff is the express agent and represents the Investors in the instant action.
 
 
 14
 App. at A235. ICON's motion asserted that the amendment was in compliance with the August 19th order and that the acknowledgments should make it "clear that plaintiff is the agent of the investors and has express authorization to prosecute the case sub judice from each investor." App. at A236.
 
 
 15
 Acting sua sponte, the district court concluded that ICON had not complied with the August 19th order. Accordingly, it dismissed ICON's complaint without prejudice. ICON now appeals the district court's order.
 
 II.
 
 16
 This appeal requires us to determine whether the district court properly dismissed ICON's complaint. Our standard of review for dismissals pursuant to Rule 17 and Rule 19 is whether the district court abused its discretion.[3]
 
 A.
 
 17
 The district court's August 19 order in part provided:
 
 
 18
 (1) That within fifteen (15) days of the date of entry of this order, the plaintiff shall amend its complaint and caption to name as parties plaintiff each investor group owning a condominium unit subject to the master lease described in the complaint, or, alternatively, to identify the plaintiff expressly as the agent for each investor group, acting on behalf of each, and naming each person or entity on whose behalf the plaintiff, ICON Group, Inc. will purport to act.
 
 
 19
 App. at A213 (emphasis added). We interpret the italicized portion of the court's order to call for a ratification under Rule 17(a), which provides that
 
 
 20
 [e]very action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; ... and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
 
 
 21
 Fed.R.Civ.P. 17(a). This interpretation is premised on the fact that the district court's order appears to have been primarily motivated by the possibility of multiple litigation and the possibility of prejudice to absent parties. App. at A244-A259. Our interpretation then follows from the fact that "[f]ormal joinder or substitution of the real part[ies] in interest will not be necessary when [they] ratif[y] the commencement of the action," 6 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1555, at 709 (1971), since ratification has res judicata effect on ratifying parties and allows them an opportunity to protect their interests. Id. Thus, proper ratification would have addressed all concerns raised by the district court. We therefore believe that if ICON had submitted fully completed acknowledgments for all parties it represented with interests in the Master Lease, ICON would have been in full compliance with the district court's order and would have addressed that court's legitimate concerns.[4]
 
 
 22
 The district court, however, dismissed ICON's complaint. Without extensively discussing the difficulties associated with ICON's assertions that the ratification was proper, we will affirm the district court's conclusion that the ratification was not effective. At a minimum, and notwithstanding the allegation of ICON's proposed amended complaint that the seventeen Investors consented to allow ICON to maintain this action on their behalf, App. at A239-40 (p 21), ICON's attempt to comply with the order by ratification was flawed because ICON never submitted ratification for Arthur I. Press, an Investor ICON identified as having an interest in the Master Lease. Because of this suit's complexity and because ICON's proposed amendment and ratification substantially paralleled the language of the district court's August 19th order, however, we believe that under the circumstances ICON made a reasonable, good-faith effort to comply with that order.[5] We therefore find that ICON's suit should not have been dismissed. Since the record provides no evidence of the kind of truly contumacious behavior that justifies dismissal for failure to comply with a court order, we find that the district court should have afforded ICON another opportunity to submit proper ratification. See Wheeling Pittsburgh Steel Corp. v. Donovan Wire & Iron Co., 614 F.2d 945 (4th Cir.) (dismissal without prejudice for failure to comply with court order improper where there existed no evidence of harassment, bad faith or abuse of process by party opposing dismissal), cert. denied, 449 U.S. 828, 101 S.Ct. 93, 66 L.Ed.2d 32 (1980). We therefore will remand this case to the district court to afford ICON that opportunity.[6] To avoid further confusion and to ensure efficient administration of this action, we will set forth the proper elements of the necessary ratification in the following subsection.
 
 B.
 
 23
 A proper ratification under Rule 17(a) requires that the ratifying party (1) authorize continuation of the action and (2) agree to be bound by its result. See Clarkson Co. Ltd. v. Rockwell Int'l Corp., 441 F.Supp. 792, 797 (N.D.Cal.1977); 6 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1555, at 709 (1971). Here, Rule 17(a) requires that each Investor, by acknowledgment or other ratifying instrument, authorize continuation of this action and agree to be bound by any judgment resulting from the action. For purposes of clarity, we hold that the acknowledgment, or other ratifying instrument, should identify this action particularly rather than provide a general authorization for litigation. We also hold that ICON is required to identify and acquire the ratification of all parties with an interest in the Master Lease. So long as these requirements as to authorization, consent to be bound, and particularity are met as to all parties with an interest in the Master Lease, and so long as the ratifying instrument is in no substantive way inconsistent with the intent of this opinion, Rule 17(a) will be satisfied.
 
 
 24
 Since the essential purposes of Rule 17 and of Rule 19 are to ensure that a judgment will have res judicata effect, see Notes of Advisory Committee on Rules, Fed.R.Civ.P. 17(a), 1966 Amendment; Hoheb v. Muriel, 753 F.2d 24 (3d Cir.1985), and adequately to protect the interests of absent parties, we do not find that the ratifying instrument must incorporate additional provisions as to assumption of financial obligations. Under the circumstances of this case, no obvious purpose would be served by such a requirement. ICON, with a forty percent interest in the condominiums that, the record indicates, have sale and rental value in the millions of dollars, appears to provide adequate security that costs and fees will be satisfied in the event the district court finds them necessary.[7]
 
 C.
 
 25
 Accordingly, we will vacate the judgment of the district court and remand this action to that court. The district court should afford appellant ICON a reasonable time within which to fulfill the requirements of Rule 17(a) by submitting an acknowledgment or other ratifying instrument binding all Investors with an interest in the Master Lease.[8] As noted above, the ratifying instrument should authorize continuation of the action, contain a provision that binds each Investor, and clearly identify this action as the subject of the instrument.[9] After proper submission, the action should proceed as if properly filed initially.
 
 III.
 
 26
 The judgment of the district court will be vacated and this matter will be remanded to the district court with instructions to allow ICON an opportunity to comply with that court's request for ratification.
 
 
 
 [1]
 Appellee Merrill Lynch Private Capital Corporation has called our attention to its motions to dismiss two counts of the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), which motions were pending in the district court at the time this complaint was dismissed without prejudice. Our remand order will be without prejudice to Merrill Lynch's pending motions
 
 
 [2]
 The Master Lease provided for rents to be paid by Mahogany Run to ICG. For the period from October 6, 1983 to December 31, 1984, the rents were to be paid in equal monthly installments of $30,920.02. From January 1, 1985 to December 31, 1985, the rents were to be paid in monthly installments of $32,586.68. From January 1, 1986 to December 31, 1986, the monthly installments were to equal $34,253.35. From January 1, 1987 to no earlier than November 31, 1991, the monthly installments were to equal $35,920.02
 
 
 [3]
 Although this Circuit has not yet directly decided this issue, we glean a standard of review for Rule 17 dismissals from decisions of this Circuit and others. A district court's Rule 19 determination as to a party's indispensability is subject to review only for abuse of discretion. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.) (citing Haas v. Jefferson Nat'l Bank of Miami Beach, 442 F.2d 394, 395 (5th Cir.1971)), petition for cert. filed, 55 U.S.L.W. 3795 (U.S. May 26, 1987) (No. 86-1621). Since the primary purposes of Rule 17 and Rule 19 are the same--to prevent a defendant from being subjected to subsequent suits based on the same transaction, see Prudential Lines Inc. v. General Tire Int'l Co., 74 F.R.D. 474 (S.D.N.Y.1977)--it would appear that a ruLe 17 decision should also be reviewed for abuse of discretion. This standard of review appears particularly appropriate since Rule 17 decisions often involve equitable determinations by district courts that are intended to expedite litigation
 
 
 [4]
 Since proper ratification under the circumstances of this case would have addressed both Rule 17 and Rule 19 concerns, we believe that compliance with what we consider the Rule 17 order would have constituted compliance with any order based on Rule 19. We therefore find that submission of proper ratification would prevent dismissal under either a Rule 17 or a Rule 19 analysis
 
 
 [5]
 One relevant complexity is that several investors apparently acquired interests in the Master Lease after the initial group of Investors. ICON should be provided an opportunity to identify all of these parties and to acquire their ratification
 
 
 [6]
 In its September 30, 1986, Memorandum Opinion and Order, the district court expressed some concern that failure financially to obligate the ratifying parties as to any assessed costs, fees, or sanctions might result in inequity to appellees. For the reasons set forth below, we do not find this concern to be significant
 
 
 [7]
 Of course, if the circumstances of this litigation substantially change, resort to parties other than ICON may become necessary for purposes of fees and costs
 
 
 [8]
 We note that ICON added numerous previously unidentified parties in its responses to the district court's August 19th order. ICON has the burden of discovering and obtaining the ratification of each party who has an interest in the Master Lease. The district court is in no way responsible for this and ICON in the future must promptly make clear the identity of all interested parties to that court in ICON's submissions
 
 
 [9]
 If ICON submits to the district court instruments of the prescribed specificity, it would serve no additional purpose for that court to require that each such instrument also be ratified or that the case caption be amended