**In re: YES! ENTERTAINMENT CORPORATION, Debtor.**

**Infinity Investors Limited, for and on behalf of the Estate of Yes! Entertainment Corporation, Appellant,**

**v.**

**Donald Kingsborough, Appellee.**

**Bankruptcy No. 99–273–MFW. No. CIV.A. 02–1313–JJF.**

United States District Court, D. Delaware.

Oct. 14, 2004.

Jeffrey M. Schlerf, James Tobia, The Bayard Firm, Wilmington, DE, for Appellant.

R. Stokes Nolte, Nolte & Brodoway, P.A., Wilmington, DE, Of Counsel: Joseph Ehrlich, Losch & Ehrlich, San Francisco, CA, for Appellee.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is an appeal by Infinity Investors Limited for and on behalf of the Estate of Yes! Entertainment ("Infinity") from the June 22, 2002 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"): (a) granting the Motions to Dismiss of Defendants (i) Esmond Goei and Michael Marocco; (ii) Dave Costine and Gary Nemetz; and (iii) Sharon Duncan and Tom Fritz; (b) denying the Motion for Order Substituting Trustee Executive Sounding Board Associates Inc. as Plaintiff; and (c) dismissing the Adversary Proceeding as to all Defendants. Infinity has settled this dispute with all Defendants except Defendant Donald Kingsborough. For the reasons discussed, the Court will reverse the June 22, 2002 Order of the Bankruptcy Court as it applies to Defendant Kingsborough and remand this matter for further proceedings consistent with this decision.

## I. BACKGROUND

At the commencement of its Chapter 11 case, the Debtor Yes! Entertainment Corporation obtained debtor-in-possession ("DIP") financing from Infinity. The Debtor eventually stopped operating, and Infinity gave notice to the Debtor that it would be terminating DIP financing and that all amounts due and owing Infinity under the DIP credit agreement were immediately due and payable. Infinity also notified the Debtor and other relevant parties that it would take possession of the post-petition collateral.

Nearly a year after being appointed, the Chapter 11 Trustee filed various avoidance actions on behalf of the Debtor's estate to preserve causes of action of the estate through confirmation of a plan of reorganization. However, the Chapter 11 Trustee declined to file a complaint against Defendant Kingsborough and others (the "Kingsborough Complaint"), because he concluded that he did not have knowledge of the relevant facts to support such claims. Because Infinity was familiar with the factual background, it filed the Kings-

borough Complaint, which included avoidance claims as well as state law claims for breach of fiduciary duty and fraudulent conveyances, which were part of Infinity's collateral.

Before Infinity's adversary proceeding could proceed, the Debtor filed its Reorganization Plan (the "Plan") which was approved by the Bankruptcy Court. The Plan provided for a liquidating trust (the "Trust"), which would have the exclusive authority to prosecute, settle or compromise any causes of action, including without limitation, the Kingsborough Complaint, for the benefit of creditors. Pursuant to the terms of the Plan, which became effective in April 2002, Executive Sounding Board Associates, Inc. ("ESBA" or the "Trustee") was selected to serve as the Trustee of the Trust.

Almost two years after the Kingsborough Complaint was filed the Defendants, with the exception of Defendant Kingsborough, moved to dismiss the Complaint on the grounds that Infinity lacked standing to sue, because the Trustee purportedly had the exclusive capacity to sue on behalf of the estate. Defendant Kingsborough did not join in the Motion To Dismiss, but filed an Answer to the Complaint. The Bankruptcy Court granted the Motion to dismiss reasoning that under the terms of the confirmed Plan only the Trustee could bring this type of proceeding, but stayed its decision for 30 days to allow the Trustee to be substituted as Plaintiff pursuant to Federal Rule of Civil Procedure 25, as incorporated by Bankruptcy Rule 7025. Consistent with the Bankruptcy Court's directive, Infinity filed a Motion to Substitute ESBA as Plaintiff under the provisions of Rule 25 and Rule 17 as a real party in interest. The Chapter 11 Trustee and ESBA joined in the Motion.

At the next hearing, the Bankruptcy Court denied the substitution and dismissed all the counts of the Complaint against all the Defendants, including Defendant Kingsborough who had not moved to dismiss. The Bankruptcy Court reasoned as follows:

Although I originally believed that the Plaintiff's lack of standing might be cured by substituting the Liquidating Trustee as the Plaintiff, I am now convinced that such a substitution would not solve the jurisdictional problem in this case. As the Supreme Court has noted many times, "The existence of Federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman–Green, Inc. v. [Alfonzo–Larrain]*, 490 U.S. 826, 830[, 109 S.Ct. 2218, 104 L.Ed.2d 893] (1989). The addition or substitution of a party after a suit is filed cannot create standing where none existed at the time suit was filed. *[Lujan] v. Defenders of Wildlife*, 504 U.S. 555, 571 n. 4[, 112 S.Ct. 2130, 119 L.Ed.2d 351] (1992).

The Court notes that while there may be causes of action in which the Plaintiff here does have standing to pursue on their own, the complaint in its entirety is cast as one on behalf of the Estate and all Parties–In–Interest as to the Estate. As such, all causes of action stated in the complaint are brought on behalf of those parties, something that this particular Plaintiff did not have the standing to do. Accordingly, the motion to substitute the parties is hereby denied, and this adversary proceeding is hereby dismissed in its entirety for lack of subject matter jurisdiction, obviously without prejudice to bringing it in a proper forum by a proper party....

(D.I. 16 at A334–335).

## II. THE PARTIES' CONTENTIONS

By its appeal, Infinity contends that it had standing to bring this adversary action

at the time it filed the Kingsborough Complaint. Infinity contends that the Bankruptcy Court erred in concluding that a creditor cannot sue derivatively to recover property for the benefit of the Debtors' estate. Infinity also contends that the Bankruptcy Court abused its discretion in dismissing this action despite the vesting of the action with the Trustee under the Plan and despite the ratification of the action by the Trustee, without affording Infinity the opportunity to cure any procedural deficiency by substituting the Trustee for Infinity.

In response, Defendant Kingsborough contends that Infinity has failed to satisfy its burden of establishing subject matter jurisdiction. Because this action was brought for and on behalf of the Debtor, Defendant Kingsborough contends that the claims alleged in the Complaint are property of the Debtor's estate and once appointed, only the Trustee can sue on behalf of the Debtor's estate. With respect to actions to recover a preference, Defendant Kinsgborough points out the a creditor can initiate such an action in limited circumstances if (1) the trustee unjustifiably refuses a demand to pursue the action; (2) the creditor establishes a colorable claim or cause of action; and (3) the creditor seeks and obtains leave from the bankruptcy court to prosecute the action for and in the name of the trustee. Because Infinity did not establish these prerequisites, Defendant Kingsborough contends that the Bankruptcy Court correctly dismissed this action for lack of standing.

## III. STANDARD OF REVIEW

 The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact

and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.,* 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup,* 281 F.3d 133, 136 (3d Cir.2002).

 In addition to the *de novo* review of the purely legal question of whether dismissal for lack of standing was correct, the Court must also review for an abuse of discretion, the Bankruptcy Court's decision to deny Infinity's request for substitution under Federal Rules of Civil Procedure 25 and 17. *ICON Group, Inc. v. Mahogany Run Development Corp.,* 829 F.2d 473 (3d Cir.1987). An abuse of discretion occurs when the court bases its opinion on a clearly erroneous finding of fact, legal conclusion or improper application of law to fact. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 278 F.3d 175, 180 (3d Cir.2002). An abuse of discretion also occurs when the court's action was "arbitrary, fanciful, or clearly unreasonable." *Stecyk v. Bell Helicopter Textron, Inc.,* 295 F.3d 408 (3d Cir.2002).

## IV. DISCUSSION

Reviewing the decision of the Bankruptcy Court in light of the applicable law, the

Court concludes that the Bankruptcy Court erred in dismissing the instant action for lack of standing. At the time of the Bankruptcy Court's decision, it did not have the benefit of the Third Circuit's decision in *The Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 580 (3d Cir.2003), which was decided a year after the Bankruptcy Court's decision here. In *Cybergenics*, the Third Circuit recognized that the Bankruptcy Court, as a court of equity, has the power to authorize a creditor's committee to sue derivatively to recover property for the benefit of the estate. Although the Third Circuit discussed creditors' committees specifically, the Court is persuaded that its decision is applicable here.

■ Although *Cybergenics* did not specifically lay out the procedures that should be followed in allowing creditors derivative standing, the Third Circuit expressed its agreement with the approaches taken by the Second and Seventh Circuits. *In re G–I Holdings, Inc.*, 313 B.R. 612, 628 & n. 16 (Bankr.D.N.J.2004) (citing *In re Valley Media, Inc.*, 2003 WL 21956410, *2 (Bankr.D.Del. Aug.14, 2003)). Under these guidelines generally, derivative standing requires: (1) a colorable claim, (2) that the trustee unjustifiably refused to pursue the claim, and (3) the permission of the bankruptcy court to initiate the action. *In re Valley Media, Inc.*, 2003 WL 21956410, *2 (citing *In re Commodore Int'l Ltd.*, 262 F.3d 96, 100 (2d Cir.2001) and *Fogel v. Zell*, 221 F.3d 955, 966 (7th Cir. 2000)). It is the creditor's burden in the first instance to demonstrate that it has satisfied these prerequisites for derivative standing. *In re G–I Holdings, Inc.*, 313 B.R. at 628.

■ Examining these requirements here, the Court is persuaded that Infinity has made a sufficient showing to warrant derivative standing. Based on the allegations of the Complaint, the Court concludes that Infinity has asserted colorable claims which may yield substantial recovery to the estate. Further, Infinity only filed the Complaint when the statute of limitations was about to expire, and the Chapter 11 Trustee refused to act based on a lack of familiarity with the facts supporting the claims. That the Chapter 11 Trustee now supports this action further demonstrates, in the Court's view, that its initial refusal to pursue this action was not justified.

With respect to the requirement of court approval, the Bankruptcy Court has also recognized the propriety of giving a creditors' committee approval *nunc pro tunc* to pursue derivative claims. *In re Valley Media, Inc.*, 2003 WL 21956410, *2 (Bankr.D.Del. Aug.14, 2003). In the circumstances of this case, it appears that the Bankruptcy Court declined to give any such approval based on the erroneous premise that Infinity could not pursue derivative claims.[1] Accordingly, in these circumstances, the Court concludes that the Bankruptcy court should have granted Infinity the approval that was required for derivative standing.

Since Infinity's initial decision to bring this action, the Chapter 11 Trustee and ESBA have since ratified Infinity's decision to bring the action, and Infinity filed a motion to substitute the ESBA as the real party in interest under Federal Rules of

---

1. Defendant Kingsborough contends that Infinity never petitioned the Bankruptcy Court for approval, but the Court agrees with Infinity that, in the circumstances of this case, such a formal request would elevate form over substance. The filing of Infinity's Complaint and the subsequent disputes regarding standing can be considered to be requests by Infinity for court approval to pursue the action.

Civil Procedure 17 and under the transfer of interest provisions of Federal Rule of Civil Procedure 25. Because Infinity had derivative standing to pursue its claims, the Court likewise concludes that the Bankruptcy Court should have granted the motion for substitution under Rule 17 and/or Rule 25. Accordingly, the Court will reverse the decision of the Bankruptcy Court dismissing this action and denying Infinity's motion to substitute and remand this action for further proceedings consistent with the Court's decision.

## V. CONCLUSION

For the reasons discussed, the Court will reverse the Bankruptcy Court's June 22, 2002 Order as it applies to Defendant Kingsborough and remand this matter for further proceedings consistent with this Memorandum Opinion.

An appropriate Order will be entered.

### *FINAL ORDER*

At Wilmington, this 14th day of October 2004, for the reasons set forth in the Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Bankruptcy Court's June 22, 2002 Order (a) granting the Motions to Dismiss of Defendants (i) Esmond Goei and Michael Marocco; (ii) Dave Costine and Gary Nemetz; and (iii) Sharon Duncan and Tom Fritz; (b) denying the Motion for Order Substituting Trustee Executive Sounding Board Associates Inc. as Plaintiff; and (c) dismissing the Adversary Proceeding as to all Defendants is REVERSED to the extent that it applies to Defendant Donald Kingsborough.

2. This matter is REMANDED to the Bankruptcy Court for further proceedings consistent with the Court's Memorandum Opinion and Order.