

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-2-2005

# Durabla Mfg Co v. Goodyear Tire

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1818

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Durabla Mfg Co v. Goodyear Tire" (2005). *2005 Decisions.* Paper 1487.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1487

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1818

_____

DURABLA MANUFACTURING COMPANY,

Appellant

GOODYEAR TIRE & RUBBER COMPANY;
GOODYEAR CANADA INC., a/k/a GOODYEAR
TIRE & RUBBER COMPANY OF CANADA, LIMITED,

Defendants/Third-Party Plaintiffs

v.

DURABLA CANADA LTD.,

Third-Party Defendant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 98-cv-03221)
District Judge:  Honorable John C. Lifland

_____

Argued January 26, 2005

Before:  SCIRICA, *Chief Judge*, RENDELL and FISHER, *Circuit Judges*.

(Filed March 2, 2005 )

William F. Mueller (Argued)
Clemente, Mueller & Tobia
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ  07962
    *Attorney for Appellant*

David J. Novack
Budd, Larner, Gross, Rosenbaum,
 Greenberg & Sade
150 John F. Kennedy Boulevard, 3rd Floor
Short Hills, NJ  07078-0999

Robert C. Mitchell
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Diane F. Bosse (Argued)
Volgenau & Bosse
237 Main Street
750 Main Seneca Building
Buffalo, NY  14203
    *Attorneys for Appellees, Goodyear Tire
    & Rubber Company and Goodyear
    Canada Inc.*

Jeffrey S. Lipkin
Drinker, Biddle & Reath
500 Campus Drive
Florham Park, NJ  07932
    *Attorney for Appellee, Durabla Canada Ltd.*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Durabla Manufacturing Company ("Durabla") appeals from the District Court's grant of summary judgment in favor of Appellees Goodyear Tire & Rubber Company and Goodyear Canada Inc. (collectively "Goodyear") and denial of Durabla's Motion for Reconsideration of the summary judgment order. The District Court granted summary judgment primarily on grounds that Durabla was not the real party in interest to the indemnity and contribution claims in this action. See Fed. R. Civ. P. 17(a). Rather, the District Court determined that Durabla's three insurance carriers who had paid all asbestos settlement and defense costs to date were the real parties in interest. Upon reconsideration, the District Court determined that Durabla had exceeded the reasonable time period after objection for the filing of its insurers' ratifications as provide for in Rule 17(a) and declined to accept the ratifications that would permit Durabla to maintain the suit on its insurers behalf.

Because we write only for the parties who are familiar with the factual and legal contentions, this opinion discusses only those issues related to the real party in interest analysis and Rule 17(a) ratification. We will remand for further proceedings because we determine that Durabla should have been permitted an opportunity to provide ratifications from its insurers upon the District Court's determination that Durabla was not a real party in interest for purposes of maintaining suit.[1] We have carefully considered and will

---

[1]Although our standard of review is plenary in relation to our review of summary judgment determinations, we apply an abuse of discretion standard in reviewing the

3

affirm the District Court's conclusions as to all remaining claims including the *res judicata* effect of the New York Action as to Counts One, Seven, Eight and Nine; the requirement of a "judgment" for purposes of maintaining a contribution claim under the New Jersey Joint Tortfeasors Contribution Act N.J.S.A. 2A:53A-1 through 29; and the finding that the declaratory judgment claim does not concern an actual controversy ripe for judicial determination.

Rule 17(a) of the Federal Rules of Civil Procedure provides that

> [e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest....

Durabla challenges the District Court's determination that it was not the real party in interest pursuant to Rule 17(a) because its entire loss to date had been paid for by its insurers. Durabla argues that there was only partial subrogation given the continuing nature of the claims that would ultimately lead to the exhaustion of insurance coverage. But, Durabla admitted that its three insurance carriers covered all defense and settlement costs incurred to date. The proper analytical framework therefore is that of a fully-

---

denial of the motion for reconsideration to permit a reasonable time for ratification by the insurers. See *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002); *ICON Group, Inc. v. Mahogany Run Development Corp.*, 829 F.2d 473 (3d Cir. 1987); *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348-49 (3d Cir. 1987).

4

subrogated claim, where an insurer who pays the entire loss incurred is the only real party in interest. *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366 (1949). As the District Court correctly determined, Durabla is not a real party in interest to these fully-subrogated claims.

Durabla is correct in its assertion that under the circumstances presented here, the District Court should have provided an opportunity for Durabla to provide its insurers' ratifications within a reasonable time from the District Court's determination that Durabla was not a real party in interest. Rule 17(a) requires that no action be dismissed upon a finding that it was not brought by the real party in interest absent allowance of a reasonable period following objection for ratification by the real party in interest. Fed. R. Civ. P. 17(a).

After the District Court entered summary judgment, Durabla sought reconsideration of that order asserting *inter alia* that Durabla should have been given an opportunity to obtain ratification. In support of its argument, Durabla pointed to the fact that prior to the entry of summary judgment, Durabla had provided an informal ratification in the form of a letter from counsel indicating that the insurers would consent to maintenance of the action on their behalf. This "informal ratification" was insufficient as a matter of law given that it did not come from Durabla's insurers and failed to communicate an agreement to be bound by its result. *ICON Group v. Mahogany Run Development Corp.*, 829 F.2d 473, 478 (3d Cir. 1987) (proper ratification under Rule

5

17(a) requires that the ratifying party (1) authorize continuation of the action and (2) agree to be bound by its result).

The District Court discounted Durabla's submission of ratifications from its insurance carriers in conjunction with its motion for reconsideration finding that they were provided beyond a reasonable time from Goodyear's real party in interest objection as provided for in Rule 17(a). While it is true that Durabla had ample opportunity since the filing of Goodyear's objection in 2000 in which to file such ratifications, it also is apparent from the hotly-contested real party in interest issues before this Court that Durabla was pursuing other avenues, whether by necessity in order to obtain ratifications from its insurers or as part of its litigation strategy. Regardless of the reason Durabla persisted in maintaining the suit on its own behalf, under the circumstances presented here, we find it was an abuse of discretion to deny Durabla a reasonable time from the determination that it was not a real party in interest to obtain ratifications from its insurers. See *ICON*, 829 F.2d at 477-78 (Court provided ICON repeated opportunities to ratify where prior ratifications were not effective, given complexity of litigation, and ICON's good faith attempt to comply with a prior district court order requiring ratification). However, we do not hold generally that an order of court is required to trigger the obligation to provide ratification. Rather, our holding is premised upon the facts presented in this case, which as in *ICON*, evidence Durabla's good faith in advancing its position given the complexity of the asbestos litigation it faces nationally.

6

We have considered all of the arguments of the parties and conclude that no further discussion is necessary. We will affirm the judgment of the District Court granting summary judgment to Goodyear including the Orders of Court dated April 16, 1999 and December 31, 2002. We will reverse the District Court's August 6, 2003 Order denying Durabla's Motion for Reconsideration of the December 31, 2002 determination only to the extent that the District Court should have permitted Durabla an opportunity to provide ratifications from its insurers. We will remand the case to permit Durabla to proceed with the action pursuant to the ratifications previously provided to the District Court. Consequently, we vacate the final judgment entered March 2, 2004.