**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1556
_____

ADMINISTRATOR-BENEFITS FOR THE EXXON MOBIL SAVINGS PLAN

v.

RONALD WILLIAMS; PATRICIA BENJAMIN; DOLDRIA BENJAMIN;
DANIEL WILLIAMS; ESPRIT AGNES; IRIS WILLIAMS; JOSEPH BENJAMIN, SR.

(D. V.I. No. 3-09-cv-00072)


PATRICIA BENJAMIN

v.

EXXON MOBIL CORPORATION; EXXON MOBIL SAVINGS PLAN;
EXXON MOBIL BENEFITS COMMITTEE

(D. V.I. No. 3-09-cv-00102)


PATRICIA BENJAMIN

v.

ESSO STANDARD OIL MEDICAL INSURANCE
AIG LIFE INSURANCE CO.-MCS;
ESSO STANDARD OIL COMPANY (PUERTO RICO)

(D. V.I. No. 3-09-cv-00118)

PATRICIA BENJAMIN

v.

ESSO STANDARD OIL COMPANY (PUERTO RICO)

(D. V.I. No. 3-09-cv-00119)


PATRICIA BENJAMIN

v.

ESSO VIRGIN ISLANDS, INC.;
AIG LIFE INSURANCE COMPANY OF PUERTO RICO

(D. V.I. No. 3-10-cv-00074)

Patricia Benjamin,

Appellant

_____

On Appeal from the District Court
of the Virgin Islands – Appellate Division
(District Court Nos.: 3-09-cv-00072; 3-09-cv-00102; 3-09-cv-00118;
3-09-cv-00119 and 3-10-cv-00074)
District Judge:  Juan R. Sanchez

_____

Submitted under Third Circuit LAR 34.1(a)
on May 13, 2014

Before:  RENDELL, FUENTES and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 23, 2014)

_____

O P I N I O N

_____

2

**RENDELL**, <u>Circuit Judge</u>:

Patricia Benjamin appeals from an order dismissing her four consolidated lawsuits against ExxonMobil entities for failure to prosecute. Benjamin had filed the lawsuits on behalf of then-minor Ronald Williams, to secure employee death benefits from ExxonMobil following the death of his father, Fitzroy Williams. During the pendency of the lawsuits, Ronald Williams reached the age of majority, and Patricia Benjamin was dismissed as a named party. Benjamin now objects to her dismissal as a party, and contests the order dismissing the consolidated lawsuits. For the reasons set forth below, we affirm the District Court's dismissal of Benjamin as a party and dismiss the remainder of her appeal for lack of standing.

## I. Background

Because we write primarily for the benefit of the parties, we recite only the facts necessary to the disposition of this appeal. Fitzroy Williams ("Fitzroy") died in 1994 while employed by Esso Virgin Islands, Inc., an ExxonMobil affiliate. Appellant Patricia Benjamin, acting as guardian of Fitztroy's then-minor son Ronald Williams, filed four lawsuits against various ExxonMobil entities ("ExxonMobil") seeking to obtain employee benefits allegedly owed to Ronald Williams as Fitzroy's beneficiary. The District Court of the Virgin Islands then consolidated Benjamin's lawsuits (the "consolidated actions").

Faced with the possibility of multiple rival claims from Fitzroy's living family members, Administrator-Benefits for the ExxonMobil Savings Plan ("Administrator-

3

Benefits") filed an interpleader action in the District Court of the Virgin Islands (the "interpleader action"). The purpose of the interpleader action was to determine Fitzroy's beneficiary and avoid multiple judgments against ExxonMobil for the same set of benefits. Benjamin unsuccessfully moved to dismiss the interpleader action for lack of jurisdiction, but did not file an answer to the interpleader action.

## A. Trial of the Interpleader Action

The interpleader action was tried on December 6, 2010 but neither Patricia Benjamin nor Ronald Williams attended. Following the bench trial, on April 6, 2011, the District Court ruled that Ronald Williams was Fitzroy Williams' sole beneficiary and therefore was entitled to $47,156.92 in benefits. (Suppl. App. 267b-272b.) In an order accompanying its opinion, the District Court instructed any other potential beneficiary to file notice within 30 days if they wished to contest the District Court's beneficiary determination. (*Id.* at 273b.) No such notice was filed.

Administrator-Benefits deposited Ronald Williams' award in the District Court's registry. To our knowledge, Ronald Williams has not yet claimed the $47,156.92 but remains entitled to do so.

## B. Order Removing Benjamin as Named Plaintiff

Simultaneous to the disposition of the interpleader action, the District Court removed Benjamin as a named plaintiff. ExxonMobil first filed a notice objecting to Benjamin's continued status as a named plaintiff in the consolidated actions on November 22, 2010. (Suppl. App. 260b-265b.) ExxonMobil alleged that Benjamin's guardianship of Ronald Williams had terminated because Ronald Williams had turned 18,

4

the age of majority in the Virgin Islands. Benjamin did not file any opposition to this notice. The District Court granted ExxonMobil's objection, and dismissed Benjamin as plaintiff on April 6, 2011. (*Id.* at 275b-76b.) In doing so, the District Court held that Ronald turned 18 on February 26, 2009, and at that time became an emancipated adult. The District Court ordered that Ronald Williams file a motion to be substituted as the named plaintiff in the consolidated actions by June 6, 2011. He failed to do so.

## C.  Dismissal of the Consolidated Actions

ExxonMobil then moved to dismiss the consolidated actions under Federal Rule of Civil Procedure 41(b) for failure to prosecute, on January 13, 2012. (Suppl. App. 277b-284b.) The District Court granted the motion with prejudice in an order dated January 31, 2012. The District Court noted that Ronald Williams' personal participation in the consolidated actions had been "nonexistent" and that the Court had been unable to contact him despite several attempts. (*Id.* at 284b-287b.) The dismissal of the consolidated actions did not affect Ronald Williams' right to the $47,156.92 awarded to him in the interpleader action. (*Id.* at 286b.)

## II. Discussion

As an initial matter, it is unclear what relief Benjamin seeks from this Court given that Ronald Williams remains entitled to collect the $47,156.92 awarded to him. Nevertheless, Benjamin makes several challenges to the District Court's rulings.

## A.  Whether Benjamin was Properly Dismissed as a Party

We will first address Benjamin's argument that she should not have been dismissed as a named plaintiff in the consolidated actions. On April 6, 2012, The District

5

Court dismissed Benjamin as a named plaintiff because Ronald Williams was no longer a minor, terminating her guardianship. The Court then provided time for Ronald Williams to be substituted as the real party in interest pursuant to Federal Rule of Civil Procedure 17(a). (Suppl. App. 275b-276b.) We review the District Court's order for abuse of discretion. *ICON Grp., Inc. v. Mahogany Run Dev. Corp.*, 829 F.2d 473, 476 (3d Cir. 1987).

Without explanation, Benjamin urges that Appellees were judicially estopped from asserting that Benjamin was not the proper plaintiff in the consolidated actions. (Appellant Br. at 53.) In fact, Benjamin makes no argument as to why she remains authorized to act on behalf of Ronald Williams. Instead, Benjamin categorically states that she "represents the beneficiary based upon guardianship"[1] without citing any supporting authority. (*Id.* at 54.)

Under Virgin Islands law, a "guardianship of a minor terminates upon the minor's . . . emancipation or attainment of majority or as ordered by the court." 15 V.I.C. § 5-210(a).[2] The age of majority in the Virgin Islands is 18. 16 V.I.C. § 261. The

---

[1] Though neither party addresses it in the briefs, it appears as though the order appointing Benjamin as Ronald Williams' guardian may arguably have entitled Benjamin to remain his guardian until he reached the age of 21. *See Benjamin v. AIG Ins. Co. of P.R.*, No. 2010-0025, 2012 WL 1353527, *2 (V.I. 2012) (citing *In re R. W.*, Super. Ct. Fam. No. G19/2002, slip op. at 2 (V.I. Super. Ct. Dec. 10, 2002)). We do not know whether this is the reason for Benjamin's belief that she remained Ronald Williams' guardian notwithstanding her dismissal. However, we need not decide whether Benjamin was entitled to remain Ronald Williams' guardian until he turned 21 because Ronald Williams turned 21 on February 26, 2012 and the issue is therefore moot.

[2] The statute governing the term of a guardianship was current at the time that the District Court entered its order on April 6, 2011 (the "April 6, 2011 Order"), but was repealed as of August 22, 2012. The April 6, 2011 Order inadvertently cites to § 5-209(a).

District Court found that Ronald Williams turned 18 on February 26, 2009. As a result, the District Court held that Benjamin was no longer authorized to act upon Ronald Williams' behalf. Benjamin presented no argument to the contrary. Pursuant to Rule 17(a), the District Court dismissed Benjamin as plaintiff, and gave Ronald Williams 60 days to file a motion to be substituted as the real party in interest. The District Court correctly applied Rule 17(a) and Virgin Islands law, and did not abuse its discretion. We therefore affirm the District Court's dismissal of Patricia Benjamin as plaintiff in the consolidated actions.

## B. Standing on Appeal

Having held that Benjamin was properly dismissed as a party, we are now presented with the question of whether she has standing to pursue the remainder of her appeal. Though Appellee does not raise lack of standing as an argument in its brief, this Court is "required to raise issues of standing *sua sponte*" when they arise. *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 405 (3d Cir. 2005).

In general, only parties of record in the District Court have standing to pursue an appeal. *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 836 (3d Cir. 1995). However, a nonparty may have standing if particular requirements discussed in *Caplan* are met. A nonparty may pursue an appeal if "(1) the nonparty had a stake in the outcome of the proceedings that is discernible from the record; (2) the nonparty has participated in the proceedings before the district court; and (3) the equities favor the appeal." *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 349 (3d Cir. 1999).

7

Because we hold that Benjamin was properly dismissed as a party, she must fulfill the nonparty standing requirements in order to pursue this appeal. *Cf. Neilson v. Colgate-Palmolive*, 199 F.3d 642, 650 (2d Cir. 1999) (noting that generally only one person may act in a representative capacity on a minor's behalf). Though Benjamin satisfies the second nonparty standing requirement by virtue of her participation in the proceedings in the District Court, she does not satisfy the first or third requirements, and therefore lacks standing to pursue her appeal.

The first requirement is not satisfied because Benjamin does not have a stake in the outcome of the proceedings that is discernible from the record. At no time did Benjamin have a personal stake in the lawsuits she filed; she acted on behalf of Ronald Williams who is now capable of representing his own interests.[3]

The third requirement is not satisfied because the equities do not favor Benjamin's appeal. Benjamin filed the consolidated actions to obtain Fitzroy Williams' employee benefits from ExxonMobil on behalf of Ronald Williams. She achieved this result when the District Court determined that Ronald Williams was Fitzroy Williams' sole beneficiary and granted him certain benefits. Though Ronald Williams has thus far neglected to collect his award, the dismissal of the consolidated actions does not affect his ability to do so. Benjamin therefore does not satisfy the nonparty standing requirements and lacks standing to pursue this appeal.

### III. Conclusion

---

[3] Moreover, we cannot discern any benefit Ronald Williams would glean from this appeal, as he remains entitled to collect $47,156.92 as a result of the District Court's rulings.

8

We affirm the District Court's dismissal of Benjamin as a party. Because Benjamin does not satisfy the requirements for nonparty standing on appeal, we therefore dismiss the remainder of Benjamin's appeal for lack of jurisdiction.